## STATE v. HERMAN ALLEN.

(Filed 14 October, 1942.)

**1. Criminal Law § 44—**

The granting of a motion for a continuance is in the discretion of the trial court and the decision thereon is not reviewable except for a clear abuse of discretion.

**2. Same—**

There is no abuse of discretion in denying a motion for continuance, in a trial for murder, on the ground that defendant's most material witness (his mother) was ill and unable to attend, defendant contending that she was the last person with whom he talked before the homicide and she knew of his intoxicated condition, where the record discloses no request to take the deposition of the witness nor what her testimony would have been, but does show that after leaving his mother defendant drank additional liquor and walked seven miles to the place of the killing.

**3. Criminal Law § 45—**

Motion, in a trial for murder, to have a venire from some other county, based upon newspaper articles appearing on the day set for the trial, properly refused where no abuse of discretion is shown.

**4. Criminal Law § 29e: Homicide § 20—**

In a trial for murder, evidence is competent to show threats, motive and that ill feeling had existed for some time between defendant and deceased; but the weight of such evidence is solely for the jury.

**5. Homicide § 27c—**

Where, on a trial for murder, the evidence shows that defendant had been drinking and violent, and was left by his wife and two other com-

panions on that account, and thereafter defendant walked six miles to his brother's, got a shotgun with which he shot a near neighbor, then walked seven miles to the home of his wife's mother and, upon being refused entrance, shot through the window and killed his wife's brother and entering the house dragged his wife into the yard and shot and killed her, motion for a directed verdict, for a crime less than first degree murder, properly refused.

APPEAL by defendant from *Johnson, Special Judge,* at February Term, 1942, of JOHNSTON.

Criminal prosecution tried upon indictment charging the defendant with the murder of Grady Lee. Verdict: Guilty of murder in the first degree. Judgment: Death by asphyxiation. The defendant appeals assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*Lawrence H. Wallace and E. J. Wellons for defendant.*

DENNY, J. The record discloses that the defendant and his wife, with another couple, were out together on the evening of 14 January, 1942. After visiting a number of places, they drove to Benson's Filling Station and arrived there about one o'clock a.m. The party wanted to get something to eat. Defendant had been drinking rather heavily and was abusive and quarreling with his wife. The filling station was closed. The defendant left the car for the purpose of waking up the owner of the filling station. While the defendant was gone, the other members of the party decided it would be best for them to leave the defendant at the filling station, and did so. Thereafter the defendant walked from Benson's Filling Station to his mother's home, a distance of six or seven miles. He tried to get his brother to let him have his automobile, but he would not; he then got his brother's shotgun and nearly a box of shells. From there he went down the road four or five hundred yards to Cap Raynor's house, called him out and shot him twice and left him lying on or near the front porch; he then walked seven miles to the home of his wife's mother, Mrs. Claudia Lee. Upon defendant's request that the door be opened, the deceased, Grady Lee, brother of defendant's wife, asked what he wanted. Grady Lee was eating breakfast; it was before daylight and the lamp was burning on the table a few feet from the window. The defendant moved around to the window and shot through it, the shot entering the head of Grady Lee, from which injury he died. The defendant then entered the house, dragged his wife from her bed and out of the house into the yard where he shot and killed her. Defendant then took Grady Lee's automobile, drove to his home and gathered

STATE *v.* ALLEN.

up his clothes and started to Elizabeth City. He stopped at Guthrie Barefoot's house to get a tire repaired, and was arrested while there.

The first exception is based on the refusal of the court to continue the case on the ground that defendant's most material witness, to wit, his mother, was ill and unable to attend court. As stated in the case of *S. v. English,* 164 N. C., 497, 80 S. E., 72: "The granting of a motion for a continuance is in the discretion of the trial court. *S. v. Scott,* 80 N. C., 365; *S. v. Pankey,* 104 N. C., 840; *S. v. Sultan,* 142 N. C., 569; *S. v. Hunter,* 143 N. C., 607. The decision thereon is not reviewable, except to see whether there has been a clear abuse of discretion. *S. v. Lindsey,* 78 N. C., 499." *S. v. Sauls,* 190 N. C., 810, 130 S. E., 838; *S. v. Henderson,* 216 N. C., 99, 2 S. E. (2d), 357.

The record discloses no request to take the deposition of the witness. The defendant contends her testimony was important, because she was the last person with whom he talked before he killed Grady Lee, and he contends she knew of his intoxicated condition. The record does not disclose what her testimony would have been. However, defendant testified that after leaving his mother's home he drank some additional liquor and walked seven miles to the home of his mother-in-law, where he killed Grady Lee and the defendant's wife, Ruth Allen. No abuse of discretion has been shown in the ruling of his Honor, and the exception cannot be sustained. *S. v. Lea,* 203 N. C., 13, 164 S. E., 737; *S. v. Godwin,* 216 N. C., 49, 3 S. E. (2d), 347.

The second exception is to the refusal of the trial court to allow defendant's motion to have a venire drawn from some adjoining county, or some county other than Johnston. The motion was based on certain newspaper articles which appeared in a local paper on the day set for the hearing of the trial. A motion for change of venue or for a special venire, may be granted or denied in the discretion of the trial judge, and his decision in the exercise of such discretion is not reviewable here unless gross abuse is shown. *S. v. Hildreth,* 31 N. C., 429; *S. v. Smarr,* 121 N. C., 669, 28 S. E., 549; *S. v. Shipman,* 202 N. C., 518, 163 S. E., 657; *S. v. Godwin, supra.* We do not think the defendant has shown an abuse of discretion by his Honor in refusing to grant his motion.

The third and fourth exceptions are to the evidence of the witnesses R. D. Marler and Martha Allen. Marler testified: "That about two or three years prior to the homicide the witness Marler served a warrant on the defendant Herman Allen at his home. That the defendant stated that he knew that Grady Lee had reported him to the officer, and that the defendant and Grady Lee had had some trouble earlier that night and that a few licks passed between them." Martha Allen testified: "That in November, 1941, she heard fragments of a conversation between her grandfather, Allen Lee, who was an uncle of Grady Lee, and the

defendant, in which they were discussing the manner of living of Grady Lee and Ruth Lee Allen and that she heard the defendant say that Grady Lee and Ruth Lee Allen would not be living six months from that day. She said that they were talking about the spells that Grady Lee had been having just before that time."

The above evidence was offered to show that ill feeling had existed between the defendant and deceased for two or three years prior to the killing of the deceased by defendant. The evidence was competent as tending to show threats and motive; but, as stated in *S. v. Rose,* 129 N. C., 575, 40 S. E., 83, the weight to be given the evidence was a matter solely for the determination of the jury. However, we think in this case, as in *S. v. Merrick,* 172 N. C., 870, 90 S. E., 257, "the declarations here made, especially in view of the immediate facts surrounding the homicide, probably had exceedingly small if any weight with the jury." *S. v. Hudson,* 218 N. C., 219, 10 S. E. (2d), 730.

The fifth and sixth exceptions are to the refusal of the trial court to sustain defendant's motion for a directed verdict on the charge of murder in the first degree. The trial court properly overruled defendant's motions. The evidence was sufficient to justify the submission of the issue of murder in the first degree to the jury. *S. v. Cade,* 215 N. C., 393, 2 S. E. (2d), 7; *S. v. Hammonds,* 216 N. C., 67, 3 S. E. (2d), 439; *S. v. Brown,* 218 N. C., 415, 11 S. E. (2d), 321.

The seventh exception to a portion of the charge of the court has been abandoned. The other exceptions are formal and cannot be sustained.

Evidence on the pertinent issues was submitted to the jury and the defendant states in his brief that the charge of the court on his contentions was in accord with the law. The jury has spoken and in the trial below we find

No error.