STATE OF NORTH CAROLINA v. VINCENT KENNETH CAVALLARO
No. 165

(Filed 20 November 1968)

**1. Criminal Law § 91— motion for continuance**

The ruling on a motion for continuance is a matter resting in the sound discretion of the trial judge.

**2. Criminal Law § 91;   Constitutional Law § 30—   continuance due to illness of State's witness — speedy trial**

Defendant was not denied the right to a speedy trial where the State was granted a continuance to the next term of court due to the illness of a witness although there was an available State's witness who would have testified to the same matters as the absent witness, the record failing to show any arbitrary and oppressive delays caused by the fault of the prosecution which constituted a prolonged imprisonment or substantially impaired defendant's means of proving his innocence.

**3. Criminal Law § 146;   Appeal and Error §§ 1, 3—   appeal from Court of Appeals to Supreme Court — substantial constitutional question**

An appellant seeking to appeal to the Supreme Court from a decision of the Court of Appeals as a matter of right on the ground that a substantial constitutional question is involved must allege and show the involvement of such question or suffer dismissal.

**4. Criminal Law § 146—   failure to show substantial constitutional question**

Purported appeal to the Supreme Court under G.S. 7A-30(1) based upon the failure of the trial court to allow defendant's motion "to dismiss for lack of a speedy trial under the North Carolina Constitution and the Constitution of the United States," while probably not presenting a substantial constitutional question within the meaning of G.S. 7A-30, is not dismissed by the Supreme Court where the appeal was certified to the Court prior to the interpretation of G.S. 7A-30 in *State v. Colson,* 274 N.C. 295.

**5. Criminal Law §§ 146, 161—   appeal from Court of Appeals to Supreme Court — abandonment of assignments of error**

Assignments of error alleged in the Court of Appeals which are not brought forward and argued before the Supreme Court are deemed abandoned.

BOBBITT, SHARP and HUSKINS, JJ., vote to dismiss appeal.

APPEAL by defendant from *Bowman, S.J.,* 2 October 1967 Mixed Session, Superior Court of ONSLOW.

Defendant was charged by indictment with the first degree murder of Archie Lynwood Taylor. Upon call of the case, the solicitor announced the State would seek a verdict of guilty of murder in the second degree or manslaughter, as the jury might find. Defendant thereupon entered a plea of not guilty. The jury returned a verdict of guilty of murder in the second degree, and the court imposed a prison sentence of not less than sixteen nor more than twenty years. Defendant announced in open court that he did not desire to appeal from the judgment entered; however, after he had begun service of the sentence he wrote a letter to the Clerk of Superior Court of Onslow County giving notice of his desire to appeal. The letter was dated within the time allowed for giving notice of appeal, but was not mailed or received until after the time for giving notice of appeal had expired. Upon motion, the court allowed defendant to appeal, appointed counsel to represent him in his appeal, set an appearance bond, and ordered Onslow County to furnish court-appointed counsel with a transcript of the trial at the expense of the County. In opinion reported in 1 N.C. App. 412, the North Carolina Court of Appeals found no error in the trial below. Defendant gave notice of appeal to the Supreme Court of North Carolina.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Ellis, Hooper, Warlick & Waters for defendant.*

BRANCH, J.

Defendant seeks to appeal to this Court from the decision of the Court of Appeals pursuant to G.S. 7A-30, which, in pertinent part, provides that an appeal may be taken to the Supreme Court from a decision of the Court of Appeals as a matter of right when the decision is one "which directly involves a substantial question arising under the constitution of the United States or of this state."

He assigns as error the failure of the trial court to allow his motion "to dismiss for lack of a speedy trial under the North Carolina Constitution and the Constitution of the United States." Defendant also relies upon the question presented by this assignment of error to bring him within the provisions of G.S. 7A-30(1).

In *State v. Patton,* 260 N.C. 359, 132 S.E. 2d 891, this Court, speaking through Parker, J., now C.J., declared:

"The right of a person formally accused of crime to a speedy and impartial trial has been guaranteed to Englishmen since Magna Carta, and the principle is embodied in the Sixth Amendment to the Federal Constitution, and in some form is contained in our State Constitution and in that of most, if not all, of our sister states, or, if not, in statutory provisions. *S. v. Webb,* 155 N.C. 426, 70 S.E. 1064 . . .

"G.S. 15-10 entitled 'Speedy trial or discharge on commitment for felony,' requires simply that under certain circumstances 'the prisoner be discharged from custody and not that he go quit of further prosecution.' *S. v. Webb, supra.*

"The Court said in *Beavers v. Haubert,* 198 U.S. 77, 49 L. Ed. 950, 954: 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.'

"The constitutional right to a speedy trial is designed to prohibit arbitrary and oppressive delays which might be caused by the fault of the prosecution. *Pollard v. United States,* Mo., 249 S.W. 2d 857. The right to a speedy trial on the merits is not designed as a sword for defendant's escape, but a shield for his protection."

Accord: *State v. Lowry and State v. Mallory,* 263 N.C. 536, 139 S.E. 2d 876; *State v. Hollars,* 266 N.C. 45, 145 S.E. 2d 309; *United States v. Ewell,* 383 U.S. 116, 86 S. Ct. 773, 15 L. Ed. 2d 627 (1965).

[2] Here, defendant was arrested in the state of Florida on 27 February 1967, upon a charge of first degree murder, and was returned to this jurisdiction on 10 or 11 March 1967. Counsel for defendant was appointed on 21 March 1967, and at the next session of criminal court, commencing on 2 April 1967, a true bill of indictment was returned by the Grand Jury charging defendant with murder in the first degree. During this term of court defendant's counsel petitioned the court that defendant be admitted to a hospital for psychiatric and neurological examination and evaluation prior to his trial. On 7 April 1967, the court allowed defendant's petition. On 8 April, 1967, pursuant to the order of court, defendant was admitted to Cherry Hospital, a state-supported mental institution. Upon completion of the examination and evaluation, defendant was returned to Onslow County jail during the first part of June 1967. His case was calendared for trial at the 17 July 1967 Session of Onslow Superior Court, which was the first session following defendant's re-

turn to Onslow County. At this session of court, upon motion of the State and over defendant's objection, the case was continued to the 2 October session of Superior Court because of illness of S. B. I. Agent John B. Edwards, a State's witness. The only delay in the trial of defendant caused by the prosecution was the continuance of the case from the 17 July Session to the 2 October Session of the Superior Court because of illness of witness Edwards. There had been no session of the Superior Court of Onslow County for the trial of criminal cases between the session which began on 17 July 1967 and the session which began on 25 September 1967, one week prior to the call of the instant case for trial.

[1] It is well established in this jurisdiction that the ruling on a motion for continuance is a matter resting in the sound discretion of the trial judge. *State v. Creech,* 229 N.C. 662, 51 S.E. 2d 348; *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520; *State v. Allen,* 222 N.C. 145, 22 S.E. 2d 233.

[2] Defendant contends that the continuance by the trial judge was not justified and deprived him of his right to a speedy trial as guaranteed by the United States Constitution and the North Carolina Constitution, since there was an available State's witness who would have testified to the same matters as the absent witness. Admitting the availability of this witness, this argument is not tenable under these circumstances. The case against this defendant was based on circumstantial evidence and neither the prosecution nor the defense could know what tests of credibility the jury might apply to the witnesses offered by the State.

[4] The record fails to show any arbitrary and oppressive delays caused by the fault of the prosecution which constituted a prolonged imprisonment or substantially impaired defendant's means of proving his innocence. To the contrary, the record shows that the court proceeded with efficient dispatch and the entire record negatives any suggestion of want of due process in the trial of defendant or any abuse of discretion on the part of the trial judge. Further, it is very doubtful that appellant has shown that this case involves a substantial question arising under the Constitution of the United States or of this State, so as to bring him within the provisions of G.S. 7A-30.

[3-5] *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376, holds that an appellant seeking a review by the Supreme Court as a matter of right of a decision of the Court of Appeals on the ground that a substantial constitutional question is involved, must allege and show the involvement of such question or suffer dismissal. The question must be real and substantial rather than superficial and frivolous.

Appeal in instant case was certified to this Court prior to the interpretation of G.S. 7A-30 in *State v. Colson, supra.* Under these circumstances we are not disposed to dismiss the appeal; however, the question of dismissal becomes academic since we find no merit in the remaining assignment of error brought forward and argued in appellant's brief relating to the denial of his motion for judgment of nonsuit. Assignments of error alleged in the Court of Appeals, not brought forward and argued before the Supreme Court, are deemed abandoned. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353. The opinion of the Court of Appeals painstakingly and accurately reviewed the evidence and correctly applied it to the controlling principles of law relative to nonsuit in criminal cases. *State v. Wilson,* 264 N.C. 373, 141 S.E. 2d 801; *State v. Johnson,* 261 N.C. 727, 136 S.E. 2d 84; *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431. Morris, J., in her discussion of this assignment of error in the Court of Appeals fully sets out all the pertinent facts and we do not deem it necessary to repeat them here.

There was substantial evidence of all the material elements of the offense and defendant's exculpatory statements offered by the State were clearly contradicted by other State's evidence.

In the decision of the Court of Appeals we find

No error.

BOBBITT, SHARP and HUSKINS, JJ., vote to dismiss defendant's appeal on the ground it does not present a *substantial* question "arising under the Constitution of the United States or of this State" within the meaning of G.S. 7A-30.