State v. Brown

STATE OF NORTH CAROLINA v. RONALD DARRELL BROWN

No. 7122SC716

(Filed 29 December 1971)

1. **Criminal Law § 15; Jury § 2— change of venue — special venire — pretrial publicity**

    The trial court in this prosecution for attempted armed robbery did not abuse its discretion in the denial of defendant's motion for a change of venue or a special venire made on the ground of pretrial publicity of the crime and of the escape from jail and recapture of defendant's alleged companions in the crime.

2. **Criminal Law §§ 43, 66— mug shots — admissibility**

    Two "mug shot" photographs of defendant were properly admitted for illustrative purposes, tape having been placed over the lower portions of the photographs to cover the criminal identification numbers.

3. **Robbery § 4— attempted armed robbery — sufficiency of evidence**

    The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of attempted armed robbery where it tended to show that three persons attempted to rob a grocery store,

that a fourth person drove the getaway car, and that defendant and three companions discussed the attempted robbery in the presence of a State's witness and defendant stated that he was the driver and had gotten out of the car with a shotgun.

**4. Criminal Law § 132— motion to set verdict aside**

The ruling of the trial judge on a motion to set aside the verdict as being contrary to the weight of the evidence is not reviewable on appeal absent a manifest abuse of discretion.

APPEAL by defendant from *Beal, Special Judge,* 21 June 1971 Criminal Special Session of DAVIDSON Superior Court.

Defendant was tried on a bill of indictment charging him with the attempted armed robbery of Abernathy's Grocery on 11 February 1971. Prior to trial, he moved for change of venue or special venire which motion was denied.

Evidence for the State tended to show: Terry Lowery and Bradley Brogden were working in Abernathy's Grocery on the night of 11 February 1971. Around 9:00 p.m. two men, Jimmy Maddox and Albert Gerald Brown, entered the store. Someone ordered Lowery to empty the cash register and as Lowery walked to the cash register he was shot. Lowery then grabbed a pistol under the cash register and fired at Maddox. Buck Phillips was also seen in the store with a gun in his hand. Two men jumped in a car driven by an individual with unusually long hair. Sarah Carroll testified that Maddox, Albert Brown and Phillips left defendant's mother's trailer with defendant and returned an hour later talking about having held up the store and the fact that someone had been shot; that defendant stated that he was the driver and had gotten out of the car with a shotgun. There was also testimony that defendant had long brown hair on the night of the attempted robbery and was seen with a shotgun. On 12 February 1971 four men were arrested at Forest Hills Trailer Park at a trailer belonging to a Mrs. Lovelan Shaw. At the time of the arrest Mrs. Carroll was in the trailer. Corroborative evidence of her testimony was given by Lieutenant Kimbrell of the Lexington Police Department.

Evidence for the defendant tended to show: Jimmy Maddox, William Phillips and Albert Brown picked up defendant, then picked up Sarah Carroll and went to defendant's mother's house. They left there, then took defendant to his wife's house where they left him at about 9:15 p.m. The others went to Buck Phillips' house and played cards until 10:20 p.m. when they re-

turned to defendant's house and left there with him at 10:55 p.m. returning to defendant's mother's house. Defendant's wife gave similar testimony. There was testimony that Sarah Carroll stated to Josephine Ensley that defendant had nothing to do with the attempted robbery and that Sarah Carroll had told three different stories about the matter.

The jury found defendant guilty of attempted armed robbery as charged and judgment was entered sentencing him to not less than 12 years nor more than 15 years in the State Prison. From said judgment, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Donald A. Davis for the State.*

*James Eugene Snyder, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant's first assignment of error is to the denial of his motion for a change of venue or a special venire, on the grounds that the residents of the area were saturated with publicity about the attempted robbery and this awareness was fanned by their fear when there was an escape and a recapture of two escapees in prominent Lexington homes. The assignment of error is without merit.

"A motion for change of venue or for special venire, may be granted or denied in the discretion of the trial judge, and his decision in the exercise of such discretion is not reviewable here unless gross abuse is shown." *State v. Allen,* 222 N.C. 145, 147, 22 S.E. 2d 233, 234 (1942). See *State v. Scales,* 242 N.C. 400, 87 S.E. 2d 916 (1955). There is nothing in the record indicating that any juror was unable to render a fair and impartial verdict and in the absence of such showing, no abuse of discretion is shown. *State v. Brown,* 271 N.C. 250, 156 S.E. 2d 272 (1967).

[2] Defendant next assigns as error the court permitting the jury to examine two police photographs of defendant in the traditional photographic position of a criminal, there being one of the profile position and one of the full face. There was tape over the lower portion of the photographs to cover the criminal identification numbers. Defendant contends this placed his character before the jury when he at no time took the stand in

his own defense. The photographs were offered for the purpose of illustrating or corroborating the testimony of Mrs. Carroll. In *State v. Hatcher,* 277 N.C. 380, 177 S.E. 2d 892 (1970) the court directly answered the question controlling this issue:

> Defendant contends, however, that introduction of the 'mug shot' photograph of him tended to apprise the jury of the fact that he had been in trouble before, reflected unfavorably upon his character and suggested that he had been convicted of other crimes. Upon the facts before us defendant's contention is unsound and cannot be sustained. Before the jury was allowed to see the photograph in question, the portions which might have been prejudicial to him, i.e., the name of the police department and the date, were covered by an evidence tag. This left only an ordinary photograph, which was offered and admitted for illustrative purposes bearing upon identification of defendant. The photograph was relevant and material on the question of identity and could not have been prejudicial in the sense suggested by defendant. There was nothing on it to connect defendant with previous criminal offenses . . . .

> We therefore hold that the photograph, with inscription and date deleted, was properly admitted for illustrative purposes on the question of identity.

Defendant's next assignment of error concerns the admission into evidence of a shotgun, allegedly found in the mobile home at which defendant was apprehended. The search was without a warrant or permission of the owner. A careful look at the record reveals that the shotgun was never admitted into evidence, but only marked as State's Exhibit #3; when presented to Mrs. Carroll for identification, she could not identify the shotgun, thus it was never admitted into evidence. Since the gun was not admitted into evidence, we do not reach the question of defendant's standing to object to the search.

[3] Defendant contends that it was error to deny his motions for nonsuit interposed at the end of the State's evidence and renewed at the close of all the evidence. It is well settled that on a motion for nonsuit, the evidence must be viewed in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. *State v. Vincent,* 278 N.C. 63, 178 S.E. 2d

608 (1971). Although the State's case rested heavily on the testimony of one witness, this presented a question for the jury which was properly submitted to them.

[4] Defendant contends the court erred in denying his motion to set aside the verdict as being contrary to the greater weight of the evidence. The ruling of the trial judge on this motion is not reviewable on appeal in the absence of a manifest abuse of discretion. *State v. Massey,* 273 N.C. 721, 161 S.E. 2d 103 (1968). There is no showing of abuse of discretion.

Defendant submitted other assignments of error which have been carefully reviewed but found to have no merit. He received a fair trial, free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.