STATE OF NORTH CAROLINA v. CLAUDIE CLARA DUVALL

No. 29

(Filed 1 December 1981)

1. **Automobiles § 131.2— hit and run driving—instructions on knowledge**
   In this prosecution for accessory after the fact to felonious hit and run driving, the trial court erred in failing to instruct the jury that the State had to show that the driver knew that a person had been injured or killed in an accident to establish his guilt of felony hit and run.

2. **Courts § 9.1— modification of another judge's interlocutory order**
   The power of a superior court judge to modify an interlocutory order previously entered by another judge can be exercised only in the limited situation where the party seeking to alter that prior ruling makes a sufficient showing of a substantial change in circumstances during the interim which presently warrants a different or new disposition of the matter.

3. **Courts § 9.1; Jury § 2.1— motion for special venire denied—renewed motion allowed by another judge**
   The trial judge erred in granting the State's renewed motion for a special jury venire from another county after another superior court judge had denied a special venire motion nearly six months earlier where affidavits presented in support of the renewed motion contained no new evidence showing that the State could not receive a fair trial with jurors from the county of trial but merely restated the identical information given to the judge at the hearing on the original motion.

   Justice HUSKINS dissenting.

   Justice MEYER joins in the dissenting opinion.

   Chief Justice BRANCH joins in one portion of the dissenting opinion, and Justice CARLTON joins in another portion of the dissenting opinion.

ON defendant's petition for discretionary review, pursuant to G.S. 7A-31, of the decision of the Court of Appeals (*Judge Harry C. Martin,* with *Judges Webb* and *Whichard* concurring), reported at 50 N.C. App. 684, 275 S.E. 2d 842 (1981), affirming the judgment of conviction entered by *Brown, Judge,* at the 25 February 1980 Criminal Session of Superior Court, DARE County.

Defendant was charged in an indictment, proper in form, as an accessory after the fact to a hit-and-run offense and for wilfully failing to discharge his official duties as a deputy sheriff in connection with that incident. He was convicted as an accessory after the fact to a felony. The trial court entered judgment imposing an active prison sentence of three years. The Court of Appeals found no prejudicial error in defendant's trial and thereby upheld his judgment of conviction.

A complete statement of the facts are set forth in the Court of Appeals' opinion reported at 50 N.C. App. 684, 275 S.E. 2d 842 (1981). In our order granting defendant's petition for discretionary review on 8 April 1981, we specifically limited our review in this appeal to a consideration of the questions concerning the jury instructions and special jury venire. We shall therefore incorporate into the opinion below only those facts essential to our resolution of these two issues.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*James, Hite, Cavendish & Blount, by Marvin Blount, Jr., and Aldridge, Seawell & Khoury, by G. Irvin Aldridge, for defendant-appellant.*

COPELAND, Justice.

[1] This is another of the three cases, arising out of the same hit-and-run accident in Dare County, which our Court decides today. *See State v. Charles Fearing,* 304 N.C. 471, 284 S.E. 2d 487 (1981); *State v. Malcolm Fearing,* 304 N.C. 499, 284 S.E. 2d 479 (1981). In pertinent part, we have already determined that the defendants in the *Fearing* cases, *supra,* must be tried again for error in the instructions on the essential elements of the hit-and-run offense

under G.S. 20-166 because the judges did not correctly explain the element of the driver's guilty knowledge. The Court of Appeals held that the particular instructions given in the instant case, when read in context, adequately informed the jury that the State had to show that the driver knew that a person had been injured or killed in an accident to establish his guilt of felony hit-and-run.[1] We do not agree. Rather, we find that Justice Britt's holding upon this point in *State v. Charles Fearing, supra,* is equally applicable upon this record. That being so, the Court of Appeals erred in not sustaining defendant's assignment of error to the instructions, and this defendant must also be given a new trial.

The occasion of defendant's re-trial impels us to consider his additional assignment of error regarding Judge Brown's order for a special jury venire. The pertinent facts are summarized as follows.

On 16 May 1979, the State moved for a special jury venire in defendant's case to insure a fair and impartial trial in Dare County. In support of its motion, the State alleged, among other things, that: (1) defendant was a well-known, lifelong resident of Dare County, related by blood and marriage to a large number of citizens in the county, who had served as a deputy sheriff for more than fifteen years; (2) Charles Fearing and Malcolm Keith Fearing (cousins), who were charged in connection with the same hit-and-run accident, were also well-known, lifelong residents of Dare County with extensive familial and business ties therein; (3) defendant and the Fearings had been active in county politics, as members of the Democratic Party,[2] and that the jury list was compiled in part from voter registration lists which demonstrated an overwhelming affiliation to the Democratic Party in Dare County; (4) Charles Fearing had moved for, and been granted, a

---

1. The guilt of the principal (the driver in the accident) constitutes a necessary element of the charge against defendant, that of being an accessory after the fact to a hit-and-run under G.S. 14-7. *See State v. Malcolm Fearing,* 304 N.C. 499, 284 S.E. 2d 479 (1981).

2. Charles Fearing had formerly served as Chairman of the Dare County Democratic Party. Malcolm Keith Fearing was a member of the Manteo Town Council.

change in venue to Chowan County on the grounds that he could not receive a fair trial in his home county and that his motion therefor had been supported by the affidavit of C. E. Bray, Chief of the Kill Devil Hills Police Department; and (5) there had been substantial pre-trial discussion and publicity of the charges against defendant and the Fearings. In further support of its venire motion, the State submitted seventeen affidavits, fifteen from county residents and two from non-residents, in which each affiant stated an opinion, in identical language, that "a fair and impartial administration of justice" required the drawing of a special jury venire from outside Dare County. The affidavits were taken from eight relatives of the victim killed in the hit-and-run accident, two public officials, seven operators of local businesses and an employee of a local radio station.

In response to the State's motion and proof, defendant filed the opposing affidavits of thirty-nine citizens of Dare County stating, in identical language, their opinion that, despite defendant's familial, political and public connections and the publicity surrounding his case, both defendant and the State of North Carolina "could receive a fair and impartial trial in Dare County by a Dare County jury." Of these affiants, nine were public officials, four of which were members of the Dare County Sheriff's Department, including Sheriff Frank Cahoon.

Upon this evidence, Judge Browning entered an order denying the venire motion on 7 June 1979. In his order, he specifically found: "that the news media coverage, as presented to the court . . . is factual and non-inflammatory, and has not prejudiced the rights of either the State of North Carolina or the defendants . . . that while it [the court] does not tend to disbelieve the affidavits and the testimony of the State that there is substantial reason . . . to believe [from defendants' affidavits] that the defendants can in fact, and the State can in fact, obtain a fair trial in Dare County." Judge Browning therefore concluded that the State had not met its burden upon the motion for a special jury venire from another county.

On 3 December 1979, nearly six months later, the State verbally renewed its pre-trial motion for special jury venire in the cases before another superior court judge, Judge Brown. The State alleged essentially the same supporting grounds it had previously presented upon its original motion, see *supra.* After

some argument by both sides upon the oral motion, the court ordered a short recess. Apparently, during that respite, the prosecutor, with the court's permission, removed from the court file one of the affidavits filed in June to use as a model for drafting the "rather hurried affidavits" of eight law enforcement officials[3] and a newspaper reporter residing in Dare County.

Upon this additional evidence, Judge Brown granted the State's renewed venire motion on 4 December 1979 and ordered the selection of one hundred special veniremen from Perquimans County for defendant's trial on 25 February 1980. [Incidentally, another one hundred veniremen from Perquimans County had also been summoned to serve at the trial of Malcolm Fearing set for 11 February 1980. The population of Perquimans County according to the 1970 census was about 8900.]

Defendant contended in the Court of Appeals that Judge Brown erred in granting the State's motion for the special venire because he thereby impermissibly overruled Judge Browning's prior order denying the same motion on 7 June 1979. The Court of Appeals disagreed for the following reasons:

It is true that one superior court judge ordinarily may not overrule a prior judgment of another superior court judge in the same case on the same issue. *Calloway v. Motor Co.*, 281 N.C. 496, 189 S.E. 2d 484 (1972); *State v. McClure*, 280 N.C. 288, 185 S.E. 2d 693 (1972). . . . However, this rule is inapplicable to interlocutory orders, which do not determine the issue, but rather direct some proceeding preliminary to a final decree. . . . A motion for a special venire is a pretrial order, the granting or denial of which is within the trial court's sound discretion. N.C. Gen. Stat. 15A-958. *See also State v. Yoes* and *Hale v. State*, 271 N.C. 616, 157 S.E. 2d 386 (1967). "Interlocutory orders are subject to change 'at any time to meet justice and equity of the case upon sufficient grounds shown for the same.'" *Calloway, supra* at 502, 189 S.E. 2d at 488. Therefore, when the circumstances have

---

3. These were three State Highway Patrol troopers, one agent from the State Bureau of Investigation, three members of the Kill Devil Hills Police Department and the Chief of Police in Manteo. We note that the SBI agent and two of the troopers testified as witnesses for the State at defendant's subsequent trial.

changed during the time between the original denied motion and the subsequent renewed motion, a trial judge may, in his discretion, grant the renewed motion in the interest of justice.

More than five months elapsed between the two motions for a special venire. The state presented additional and current evidence that defendant would not be able to receive a fair and impartial trial before a jury comprised of residents of Dare County, where he was a prominent citizen and where considerable publicity had occurred. We hold that Judge Brown did not abuse his discretion by hearing and granting the renewed motion.

50 N.C. App. 684, 691-92, 275 S.E. 2d 842, 850 (Citations omitted).

[2] At the outset, we find that the Court of Appeals correctly stated the applicable law, *supra*, concerning the general impropriety of a superior court judge's rectification of what he might perceive to be legal error in the prior ruling of another superior court judge in the same case. *See Thornburg v. Lancaster*, 303 N.C. 89, 277 S.E. 2d 423 (1981); *State v. Neas*, 278 N.C. 506, 180 S.E. 2d 12 (1971). Indeed, if the rule were otherwise, the normal reviewing function of appellate courts would be usurped, and, in some instances, the orderly trial process could be converted into a chaotic, protracted affair as one party attempted to shop around for a more favorable ruling from another superior court judge. It is thus clear that the power of a superior court judge to modify an interlocutory order, previously entered by another judge, can be exercised only in the limited situation where the party seeking to alter that prior ruling makes a sufficient showing of a substantial change in circumstances during the interim which presently warrants a different or new disposition of the matter. *See Neighbors v. Neighbors*, 236 N.C. 531, 73 S.E. 2d 153 (1952). Our examination of this record does not, however, disclose such a convincing showing by the State, and we consequently find fault in the Court of Appeals' conclusions, *supra*, upholding Judge Brown's action.

[3] First, the mere passage of time between the date one superior court judge disposes of a motion and the date the same motion is subsequently renewed before another judge has no tendency whatsoever, in and of itself, to show that the cir-

State v. Duvall

cumstances underlying the former motion are no longer the same in certain significant and material respects. Second, the presentation of "additional and current evidence" upon a renewed motion is only pertinent if such evidence consists of new and different facts which, in substance, were not before the first judge originally ruling upon the motion. Here, the State supported its renewed motion before Judge Brown with several additional affidavits of Dare County residents. However, these affidavits did not contain *new* evidence showing that the State could not presently receive a fair trial with Dare County jurors; rather, they merely re-stated the identical information given to Judge Browning at the first hearing on the venire motion. In sum, we find that the State did not directly demonstrate a specific and significant shift in the case's present posture sufficient to authorize Judge Brown's subsequent action upon the same motion.[4] As a consequence, the Court of Appeals erred in failing to sustain defendant's assignment of error to Judge Brown's entry of the 4 December 1979 order, and its decision must also be reversed upon this additional ground.

In conclusion, we note that our holding here also necessarily decides the venire issue raised in the companion case of *State v. Malcolm Fearing*, 304 N.C. 499, 284 S.E. 2d 479 (1981). The State twice requested the special jury venire by filing identical motions on the same day, supported by the very same proof, in its cases against defendants Duvall and Malcolm Fearing. On each occasion, the sitting trial judge relied upon essentially the same findings and conclusions, regarding both defendants, in ruling upon the State's motion.

---

4. The Court of Appeals suggested that defendant had no legitimate cause to complain about Judge Brown's action on the State's renewed venire motion since, in that very same order, Judge Brown also granted defendant's motion for a separate trial apart from codefendant Malcolm Fearing despite Judge Barefoot's prior order of 5 November 1979 for a joint trial of these defendants. *See* 50 N.C. App. at 692, 275 S.E. 2d at 850. It was, however, incumbent upon the State, not defendant, to take exception, if it so desired, to that portion of Judge Brown's order granting severance. The State did not do so. Quite simply then, the Court of Appeals should not have considered the event of severance as affecting in any way defendant's duly assigned error to the order for the special venire. *See* Rule 10(a), North Carolina Rules of Appellate Procedure. In any event, whether intervening circumstances subsequently rendered the trial consolidation unjust as of 4 December 1979 would constitute a distinct question for review, based upon other facts.

The decision of the Court of Appeals is reversed. Defendant is entitled to a new trial by a jury of his peers from Dare County, pursuant to Judge Browning's 7 June 1979 order, unless by proper motion a substantial change of circumstances is shown.

Reversed.

Justice HUSKINS dissenting.

For the reasons stated in my dissent in *State v. Charles Fearing* (Case No. 28, filed this date), I respectfully dissent from the portion of the majority opinion which orders a new trial for error in the judge's instructions upon the elements of a hit-and-run offense under G.S. 20-166.

I also dissent from that portion of the majority opinion which holds that Judge Brown was without authority to order a special venire in this case. My reasons are fully set forth in my dissent in *State v. Charles Fearing* (Case No. 28, filed this date) and *State v. Malcolm Fearing* (Case No. 27, filed this date).

I am authorized to say that Justice MEYER joins in this dissent.

Chief Justice BRANCH joins in that portion of this dissent relating to the judge's instructions on hit-and-run under G.S. § 20-166.

Justice CARLTON joins in that portion of this dissent relating to the authority of Judge Brown to order a special venire.