IN THE MATTER OF: S.V.S.V.Z.P.
No. COA08-388
Court of Appeals of North Carolina
Filed August 19, 2008
Carol J. Holcomb and Samantha H. Cabe, for petitioner-appellee.
Pamela Newell Williams, for appellee Guardian ad Litem.
Duncan B. McCormick, for respondent-appellant.
STROUD, Judge.
Respondent-mother appeals from a District Court, Orange County (hereinafter referred to as "Orange County trial court") order transferring venue from Orange County back to New Hanover County. For the following reasons, we vacate the order.
On or about 12 October 2006, the New Hanover County Department of Social Services ("New Hanover DSS") filed a juvenile petition alleging that the minor children, Beth, Mary, and Tom[1], were neglected and dependent. The petition specifically alleged, inter alia, that the minor children "had a lack of stable residence[,]"lack of adequate nutrition, and "lack [of] consistent medical and psychological care." New Hanover DSS took nonsecure custody of the children on 12 October 2006. By order filed 15 March 2007, the District Court, New Hanover County (hereinafter "New Hanover County trial court") adjudicated the minor children neglected juveniles. The case was scheduled for a permanency planning hearing on 27 September 2007; however, the New Hanover County trial court continued the hearing due to the respondent-mother's intent to file a motion to change venue. On 10 October 2007, respondent-mother filed a written motion to change venue of the case from New Hanover County to Orange County pursuant to N.C. Gen. Stat. § 1-83. Respondent-mother asserted in pertinent part,
3. That when the original Petition in this case was filed, the children and Respondent Mother had been staying at a motel in New Hanover County, North Carolina. That the minor children and Respondent Mother were on their way to West Virginia when their car broke down in New Hanover County, North Carolina, necessitating them staying in a motel.
4. That before the minor children and Respondent Mother were staying in the motel, they had resided in Brunswick County, North Carolina. The minor children had all attended school in Brunswick County, North Carolina.
5. That after the Petition was filed and the minor children were removed from Respondent Mother's custody, she returned to Brunswick County, North Carolina. She resided there until May of 2007, when she relocated to Orange County, North Carolina.
. . . .
7. That since the Petition was filed and custody has been with the New Hanover County Department of Social Services none of the children have been placed in New Hanover County for any significant length of time.
8. That neither of the Respondent Fathers live or have ever lived in New Hanover County, North Carolina. Both Respondent Fathers currently reside in Rockingham County, North Carolina.
9. That the Respondent Mother is currently living in Orange County, North Carolina and receiving services in that area.
10. That the convenience of the Respondent Mother, Respondent Fathers, the minor children, witnesses and the ends of justice would be promoted by the change of venue.
11. That visitation with the minor children and services for the Respondent Mother would be better facilitated by the change of venue.
12. That . . . none of the minor children, Respondent Mother, or the Respondent Fathers reside in New Hanover County, North Carolina or have any significant contact with New Hanover County, North Carolina at this time.
13. That the Respondent Mother alleges to the Court that the appropriate forum and place of venue is Orange County, North Carolina in as much as Orange County is and has been the residence of the Respondent Mother since May, 2007 and that none of the minor children are residing in New Hanover County.
Orange County Department of Social Services ("Orange County DSS") filed a response opposing the motion to transfer venue. It asserted in pertinent part that
2) The Juveniles have been in the custody of the New Hanover County Department of Social Services ("NHDSS") for over twelve (12) months.
3) NHDSS has extensive knowledge about the special needs of the Juveniles, and have been working to establish and identify potential long-term placements for the children.
4) Transferring venue to a new Department would be detrimental to establishing permanence for the Juveniles in a timely manner, as it would take time for new social workers to become familiar with the cases and the extensive special needs of the Juveniles.
. . . .
6) None of the Juveniles are currently placed in Orange County. It would be disruptive to the Juveniles to move their placements, and monitoring placements that are in Newport, N.C. and Jacksonville, N.C. would be difficult for OCDSS given the distance, or would be assigned to another Department.
7) None of the potential long-term placements are in Orange County.
8) Respondent Mother has only resided in Orange County for a short period of time, and has historically been very transient.
In its order filed 19 December 2007, the New Hanover County trial court acknowledged that New Hanover DSS and the children's Guardian ad Litem opposed the motion. The New Hanover County trial court found as fact,
2. That none of the Respondents or the minor children have ever permanently resided in New Hanover County, North Carolina.
3. That at the time the children were removed from the Respondent Mother's custody the family was staying briefly at a motel in New Hanover County, North Carolina.
4. That the Respondent Mother and the minor children previously lived in Brunswick County, North Carolina.
5. That since the filing of the Petition, placement of the minor children, with a brief exception, had been outside of New Hanover County, North Carolina and remains outside of New Hanover County, North Carolina.
6. That none of the minor children are currently placed in New Hanover County, North Carolina.
. . . .
8. That the Respondent Mother had resided in Orange County, North Carolina for the past seven (7) months.
. . . .
12. That neither of the Respondent Fathers reside in New Hanover County and have never resided in New Hanover County, North Carolina.
Based on its findings of fact, the New Hanover County trial court concluded that it would be in the best interest of the children to allow the motion to change venue and ordered that
legal custody of the minor children is transferred to the Orange County Department of Social Services[,] . . . [and that] [t]he Clerk of Superior Court of New Hanover County is hereby ordered to transfer the court file concerning these juveniles to the Clerk of Superior Court of Orange County to enable that jurisdiction to conduct a Permanency Planning Hearing as soon as possible[.]
On 8 January 2008, Orange County DSS filed a motion in Orange County trial court to transfer venue back to New Hanover County. Orange County DSS's motion to transfer venue back to New Hanover County made substantially the same allegations as its response opposing the motion to transfer venue. Orange County DSS's motion to transfer venue did not make any allegation of any changes in circumstances since entry of the New Hanover County order.
By order filed 25 January 2008, the Orange County trial court determined that "Orange County [was] an improper venue" for the case and that "therefore, the matters are hereby transferred to their county of origin, New Hanover County[.]" The trial court made no findings regarding any changes in circumstances since entry of the New Hanover County order. From this order, respondent-mother appeals. The dispositive issue is whether the Orange County trial court had authority to transfer venue of the case back to New Hanover County, barely more than a month after the New Hanover County trial court had transferred venue to Orange County.
We first note that neither New Hanover DSS nor Orange County DSS appealed from the New Hanover County order pursuant to N.C. Gen. Stat. § 7B-1001(a)(4), which provides in part, that an order that changes legal custody of a juvenile is appealable. See N.C. Gen. Stat. § 7B-1001(a)(4)(2007). Instead, Orange County DSS filed a motion to transfer venue in Orange County trial court on 8 January 2008, less than a month after entry of the New Hanover County order. Orange County DSS then made the same allegations in its motion to transfer venue in Orange County as it had made in opposition to respondent-mother's motion to transfer venue from New Hanover County and made no allegations of any change in circumstances, much less a substantial change, since entry of the New Hanover County order.
It is well-established in this State that absent "a sufficient showing of a substantial change in circumstances . . . which presently warrants a different or new disposition of the matter[,]" one trial judge "may not modify, overrule, or change the judgment of another [trial] judge previously made in the same action." State v. Woolridge, 357 N.C. 544, 549-50, 592 S.E.2d 191, 194(2003) (quoting State v. Duvall, 304 N.C. 557, 562, 284 S.E.2d 495, 499 (1981); Calloway v. Ford Motor Co., 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)). Without this rule, "the normal reviewing function of the appellate courts would be usurped, and, in some instances, the orderly trial process could be converted into a chaotic, protracted affair as one party attempted to shop around for a more favorable ruling from another . . . judge." State v. Duvall, 304 N.C. 557, 562, 284 S.E.2d 495, 498 (1981). In the context of an action dealing with neglected children, we also note that an order which changes another judge's order without a proper finding of a substantial change in circumstances can be detrimental to the neglected children whom our judicial system is supposed to protect. In this particular case, the permanency planning hearing which the New Hanover County trial court had directed to be held "as soon as possible" after the transfer of venue to Orange County has now been delayed by at least seven months in the appellate process.
Here, the New Hanover trial court entered an order on 19 December 2007 transferring the case to Orange County, and on 25 January 2008, the Orange County trial court entered an order transferring the case back to New Hanover County, in effect reversing the order of the New Hanover trial court. We are not persuaded by petitioner's argument that there was a substantial change in circumstances between orders. Petitioner did not even allege in its motion any change of circumstances, nor did the trial court make any findings as to any substantial change in circumstances. The Orange County trial court did not make any findings of fact or conclusions of law as to any way in which the circumstances had changed in "significant and material respects[,]" Duvall at 563, 284 S.E.2d at 499, nor could the Orange County trial court properly have made a finding of a substantial change in circumstances, as the contentions of the parties and evidence before both the New Hanover County and Orange County trial courts were essentially identical. Thus, reconsideration of the New Hanover County trial court's order was unwarranted. By granting Orange County DSS's motion to transfer venue back to New Hanover County, the Orange County trial court erred in overruling the New Hanover County trial court's order. Accordingly, we vacate the Orange County trial court's order, and therefore we need not address respondent-mother's other arguments on appeal.
VACATED.
Judges McGEE and HUNTER concur.
Report per Rule 30(e).
NOTES
[1] To protect the identity of the minors, pseudonyms will be used.