DILLON, Judge, dissenting.
I respectfully dissent.
This appeal involves two pending civil actions. Boone Ford, who is a party to both actions, moved to consolidate the two actions for trial.
*7 Boone Ford's motion was granted by Judge Hunt. Sometime later, the "consolidated" matter came on for trial before Judge Coward. None of the parties asked Judge Coward to sever the matter. A jury was empaneled and returned verdicts in favor of Boone Ford.
I agree with the majority and with the appellants that Judge Hunt's consolidation order had no binding effect on Judge Coward. Thus, it was within Judge Coward's discretion whether to sever the matter into two trials, notwithstanding Judge Hunt's prior order.
I disagree, however, that the appellants are entitled to have the jury verdicts set aside and the judgments vacated. When the matters came before Judge Coward for the "consolidated" trial, no party made any motion to sever. Had the appellants wanted the matter severed, they could have simply made a motion before Judge Coward requesting that the trial judge enter an order to do so. He had the authority, since Judge Hunt's order was reviewable by the judge presiding at trial. However, the appellants did not make a severance motion. Rather, they stipulated to Judge Coward's jurisdiction and proceeded with the trial. They picked a jury. The jury returned a verdict that the appellants did not like. There was no reversible error at trial. Therefore, I conclude that the appellants are not entitled to a new trial based on Judge Hunt's pre-trial consolidation order, which they failed to ask Judge Coward to revisit. To allow such relief would allow appellants two bites at the proverbial apple.
Our Supreme Court has oft stated that "one superior court judge ordinarily may not overrule a prior judgment of another superior judge in the same case on the same issue." State v. Duvall , 304 N.C. 557, 561, 284 S.E.2d 495, 498 (1981). Our Supreme Court has held that "[t]his rule does not apply, however, to interlocutory orders given during the progress of an action which affect the procedure and conduct of the trial." State v. Stokes , 308 N.C. 634, 642, 304 S.E.2d 184, 189 (1983). Relevant to the present appeal, our Supreme Court has held that "a pretrial ruling by a superior court judge consolidating claims for trial was not binding on the superior court judge who tried the case." Id. at 642, 304 S.E.2d at 190 (citing Oxendine v. Dept. of Social Services , 303 N.C. 699, 281 S.E.2d 370 (1981) ).
Based on Oxendine , as the majority and the appellants stress, Judge Hunt's consolidation order in this matter had no binding effect on Judge Coward. However, I do not believe that Oxendine compels that we set aside the jury verdicts, vacate the judgments, and remand the matters for separate trials. In Oxendine , the posture of the case was totally different. No trial had yet occurred when the appeal was taken.
*8 Rather, in Oxendine , a judge's consolidation order was appealed immediately. The Supreme Court vacated the consolidated order, holding that the *99 order had no effect on the ability of the judge who would preside at trial to exercise discretion as to whether to consolidate the matters.
Here, however, the appellants did not immediately appeal Judge Hunt's consolidation order. And when the matter came on for trial, they never made any motion asking Judge Coward to sever the matter, though it was totally within Judge Coward's authority to consider such a motion, notwithstanding Judge Hunt's prior order. Rather, they rolled the dice and proceeded with the consolidated trial, even stipulating that the matters were properly before Judge Coward's court . They are only now complaining after the jury verdict did not go their way. To allow them a new trial would be totally unfair to Boone Ford.
I conclude that by failing to ask Judge Coward to sever the matter, the appellants failed to preserve their argument concerning Judge Hunt's order. I also conclude that there was no reversible error with respect to appellants' other arguments on appeal. Accordingly, my vote is no error.