State v. Arnold

STATE OF NORTH CAROLINA v. VESTA RAY ARNOLD

No. 7414SC94

(Filed 6 March 1974)

1. **Constitutional Law § 30— lapse of three months between offense and trial — no denial of speedy trial**

    Defendant failed to show that he was denied his right to a speedy trial where he was charged on 25 March 1973 with commission of the offense on 23 March 1973, the case was continued once because he was in the hospital and a second time because his counsel was absent and not ready for trial, and the case was finally tried and judgment was entered on 12 June 1973.

2. **Arson § 4— burning of items in carport — sufficiency of evidence**

    Evidence was sufficient to withstand defendant's motion for nonsuit in a prosecution for attempt to commit arson where it tended to show that defendant was staying in a house with his former wife, the wife's landlord instructed her to get rid of defendant or she would have to move away, defendant was advised of the landlord's instructions, defendant, accompanied by his son, obtained a plastic bottle which he partially filled with gasoline, defendant drove to the landlord's house, lighted the bottle and threw it into the landlord's carport, and some contents of the carport were set on fire and damaged.

APPEAL by defendant from *Hall, Judge,* 11 June 1973 Session of Superior Court held in DURHAM County. Argued in the Court of Appeals 12 February 1974.

Defendant was convicted of attempt to commit arson. From judgment imposing prison sentence of not less than 7 nor more than 8 years, with credit for time spent in prison awaiting trial and with recommendation that he be given proper treatment for "his alcoholic condition," defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General Robert G. Webb, for the State.*

*D. R. Smith for defendant appellant.*

State v. Arnold

BRITT, Judge.

[1] Defendant assigns as error the failure of the court to grant his motion to dismiss the action for the reason that he was not given speedy trial. The record discloses: Warrant was issued on 25 March 1973 charging defendant with commission of the offense on 23 March 1973. Probable cause was found on 2 April 1973 and bill of indictment was returned on 9 April 1973. Trial of the case was continued at the 25 April 1973 Session for the reason that defendant was in Cherry Hospital. Trial was continued at the 23 May 1973 Session by consent, defendant's attorney being absent and not ready for trial. The case was tried at the 11 June 1973 Session with judgment being entered on 12 June 1973.

There is no semblance of merit in the assignment. The burden is on an accused who asserts denial of his right to a speedy trial to show that the delay was due to the neglect or willfulness of the prosecution. *State v. Frank*, 284 N.C. 137, 200 S.E. 2d 169 (1973) ; *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274 (1969). Not only did defendant fail to show neglect or willfulness on the part of the prosecution, he failed to show that he did not receive a speedy trial. The assignment of error is overruled.

[2] Defendant assigns as error the failure of the court to allow his motion for nonsuit. Pertinent evidence, viewed in the light most favorable to the State, tended to show:

Defendant's former wife was living in a house in Durham belonging to Robert Chandler (Chandler). Upon learning that defendant was staying at the house, Chandler advised the former wife that unless she ran defendant away, she would have to move. Defendant was advised of Chandler's instructions. He went to Chandler's office, asked him about the conversation with his former wife, and Chandler confirmed the conversation. Thereupon, defendant, accompanied by his 17-year-old son, went to a liquor store, bought some liquor, took two or three drinks, obtained a plastic bottle which he partially filled with gasoline, drove to Chandler's house, lighted the bottle and threw it into Chandler's carport. Certain contents of the carport were set on fire and damaged; the fire department was called and extinguished the fire. Principal testimony against defendant was supplied by his son who testified as a reluctant witness.

We hold that the evidence was more than sufficient to survive the motion for nonsuit and the assignment of error is overruled.

We have considered the other assignments of error brought forward and argued in defendant's brief but find them also to be without merit.

No error.

Judges PARKER and VAUGHN concur.