STATE OF NORTH CAROLINA v. BRIAN EPPLEY

No. 7619SC212

(Filed 21 July 1976)

1. Escape § 1; Indictment and Warrant § 17— failure to return to prison at appointed time — no variance between indictment and proof

   Where the indictment charged defendant with "failing to return to the prison unit at the appointed time as ordered," a violation of G.S. 148-4 and punishable under G.S. 148-45, and the evidence showed that, though defendant was not on a work release program or on temporary parole, he was allowed to leave confinement by "other authority of law" to clean a chapel outside the prison, there was no variance between the indictment and proof.

2. Constitutional Law § 30— denial of speedy trial — failure to carry burden of proof

   Defendant failed to show that his right to a speedy trial was denied where defendant did not show that a delay of his trial was due to neglect or wilfulness on the part of the State, nor did he show prejudice in the preparation and presentation of his defense which resulted from the delay.

APPEAL by defendant from *Kivett, Judge*. Judgment entered 17 December 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 10 June 1976.

On 24 April 1975 defendant was charged in a warrant with the violation of G.S. 148-45(a), felonious escape. The warrant alleged that on 23 March 1975 the defendant escaped from the custody of the Mt. Pleasant unit of the State Department of Corrections.

Prior to trial, on 15 October 1975, the defendant entered a motion to dismiss on the grounds that he had been denied a speedy trial. Defendant's motion was denied on 16 October 1975, and defendant's trial was scheduled for the next session of the Superior Court, Cabarrus County.

On 3 November 1975, defendant filed a motion to dismiss on the grounds that the State had failed to seek and obtain an

indictment against the defendant. An indictment was returned against the defendant on 10 November 1975, but the indictment was defective. The State moved for a continuance until the 8 December 1975 Session of Cabarrus County Superior Court. On 14 November 1975 Superior Court Judge Robert A. Collier, Jr., granted the State's motion for continuance and denied the defendant's motion to dismiss. A proper indictment was returned in the December Session of the Cabarrus County Superior Court, and the matter was scheduled for trial on 17 December 1975. Defendant entered another motion to dismiss on the grounds that he had been prejudiced by the denial of a speedy trial because he had been denied honor grade status. Defendant's motion was denied.

The State presented evidence at trial tending to establish that the defendant was serving a prison sentence for breaking and entering and had obtained a honor grade status. On 23 March 1975 defendant was instructed to clean a chapel located on the outside of the prison fence. The defendant did not return from the chapel, and on 7 April 1975 he was arrested in Charlotte.

Defendant testified that he left the chapel in order to find a job on which he could work when he obtained work release.

The jury returned a verdict of guilty as charged. From the judgment imposing a prison sentence, defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Davis, Koontz and Horton, by Clarence E. Horton, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the indictment purported to charge a violation of G.S. 148-45 (g) which pertains to persons in custody of the Department of Correction who are assigned to work release programs or on temporary parole. He argues that since he was not on work release or temporary parole there was a fatal variance between indictment and proof, and that the court should have granted his motion to dismiss.

There was no variance between the indictment and proof. The evidence indicates that while defendant was not on a work

release program or on temporary parole he was allowed to leave confinement by "other authority of law" to clean a chapel just outside the prison. The indictment charged defendant with "failing to return to the prison unit at the appointed time as ordered," a violation of G.S. 148-4 and punishable under G.S. 148-45.

G.S. 148-4 provides:

> "The Secretary of Corrections may extend the limits of the place of confinement of a prisoner, as to whom there is reasonable cause to believe he will honor his trust, by authorizing him, under prescribed conditions, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to . . . (6) Participate in community-based programs of rehabilitation. . . .

> The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to the place of confinement designated by the Secretary of Correction, shall be deemed an escape from the custody of the Secretary of Correction punishable as provided in G.S. 148-45."

Defendant's second argument is that the court erred in failing to dismiss the charges because he had been denied his right to a speedy trial. He asserts that the State delayed his trial for eight months without justification, and that he had requested a speedy trial. He further contends that the delay prejudiced him because as a prisoner he could not be considered for honor grade status while the escape charge was pending.

[2]   We see no merit in defendant's position. Defendant failed to meet his burden of showing that the delay was due to neglect or wilfulness on the part of the State. *State v. Frank,* 284 N.C. 137, 200 S.E. 2d 169 (1973) ; *State v. Arnold,* 21 N.C. App. 92, 203 S.E. 2d 395 (1974). Furthermore, defendant has shown no prejudice in the preparation and presentation of his defense which resulted from the delay.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.