STATE OF NORTH CAROLINA v. KENNETH VICTOR HALL

No. 786SC843

(Filed 20 February 1979)

1. **Constitutional Law § 55— 15 months between mistrial and second trial—no motion for speedy trial—waiver**

    Defendant was not denied his right to a speedy trial by the passage of fifteen months from the date of a mistrial until the date of his second trial, since the length of the delay alone would not constitute a denial of the right to a speedy trial; the superior court in which defendant was tried held criminal sessions only four times a year and the second trial was at the fifth criminal session; defendant waived any claims to undue delay where he moved for speedy trial before the first trial but did not make a further motion between the two trials; defendant showed no prejudice resulting from the delay since he was imprisoned on another conviction while awaiting trial and thus was not deprived of his liberty and since the testimony defendant sought to gain from a named witness, which he claimed was made unavailable by the State's delay, could have been merely corroborative; and defendant failed to meet the burden of showing that the delay was due to neglect or willfulness on the part of the State.

2. **Constitutional Law § 48— defendant without counsel for 12 months—inability of counsel to obtain testimony—effective assistance of counsel not denied**

    Defendant was not denied the effective assistance of counsel because he had no appointed counsel between the time of a mistrial and his second trial or because counsel appointed for the second trial was unable to secure the testimony of a codefendant who had previously been acquitted, since counsel was appointed for defendant three months before the date of the second trial; counsel had adequate time to prepare for trial; and the missing codefendant's testimony would probably have been only of corroborative value.

APPEAL by defendant from *Lee, Judge.* Judgment entered 7 October 1977 in Superior Court, HERTFORD County. Heard in the Court of Appeals 10 January 1979.

Defendant was indicted for armed robbery, felonious conspiracy, assault with a deadly weapon with intent to kill inflicting serious bodily injury, and discharging a firearm into an occupied dwelling. The indictments were returned by the grand jury at the 23 February 1976 criminal session of Hertford County Superior Court. At that session, the State called the defendant's cases for armed robbery and felonious conspiracy, together with codefendants Travis Lane Watford and Ronald Earl Jenkins, on the same charges. Codefendant Jenkins discharged his court-appointed counsel and the trial court continued all cases for the session.

State v. Hall

Counsel for defendant made a motion for a speedy trial on 9 March 1976. The next session of superior court was held during the week of 12 April 1976, and the State elected to try Jenkins, the purported triggerman, and the cases against this defendant and the other codefendants were continued. The next session was held on 12 July 1976, and the defendant and codefendant Watford were arraigned and tried. Jenkins was convicted of armed robbery in the earlier trial, while a fourth codefendant, Askew, although indicted has never been tried. The defendant pled not guilty. The jury found him guilty of the felonious conspiracy charge, but failed to reach a verdict on the charge of armed robbery. A mistrial on that charge was declared by the trial judge. Watford was found not guilty on the felonious conspiracy charge and the armed robbery charge was dismissed after a mistrial was declared.

The defendant was subsequently tried on the armed robbery charge at the 3 October 1977 criminal session of Hertford County Superior Court. This was the fifth criminal session of court since the first trial of the defendant. At this trial, the defendant was represented by counsel appointed for him at the 11 July 1977 criminal session. (The original counsel for the defendant had perfected the defendant's appeal on the felonious conspiracy conviction.) The jury found the defendant guilty of armed robbery and the court sentenced him to forty years in the Department of Correction. This term was to run concurrently with any other terms being served by the defendant.

The evidence for the State on the armed robbery charge tended to show that on or about 8 November 1975, Walter Liverman, a restaurant owner in Murfreesboro, was shot and robbed of his cash box by Ronald Jenkins and Jerome Askew. Although seriously wounded, Mr. Liverman survived. A reward was subsequently posted for information leading to an arrest and conviction in the robbery. Such reward led one of the codefendants, Jerome Askew, to make a statement which implicated Jenkins as the triggerman and Watford and the defendant as leading participants in the crimes.

Further facts pertinent to the disposition of this case will be discussed in the opinion.

*Attorney General Edmisten, by Assistant Attorneys General Elizabeth C. Bunting and James Peeler Smith, for the State.*

*Rosbon D. B. Whedbee, for defendant.*

CARLTON, Judge.

[1] Defendant's first assignment of error is that the trial judge improperly denied his motion to dismiss the indictment because he had been denied his constitutional right to a speedy trial. He asserts that the passage of fifteen months from the date of the mistrial until the date of the second trial was an unjustifiable and inexcusable delay on the part of the State. He further contends that the delay prejudiced him because he was unable to ascertain the location and thus secure the testimony of the acquitted codefendant, Watford.

We find no merit in defendant's position. The law concerning the Sixth Amendment right to a speedy trial is well established in North Carolina. *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969) enumerates four factors to be considered along with calendar time when reviewing an alleged violation of the right to speedy trial: length of delay, cause of delay, waiver by the defendant and prejudice to the defendant.

Under the facts before us, even if only the length of the delay were considered, a fifteen-month delay from defendant's first trial to second trial would not alone constitute a denial of the right to a speedy trial. *State v. Neas,* 278 N.C. 506, 180 S.E. 2d 12 (1971); *State v. Wright,* 290 N.C. 45, 224 S.E. 2d 624 (1976), *cert. denied* 429 U.S. 1049, 97 S.Ct. 760, 50 L.Ed. 2d 765 (1977).

Hertford County Superior Court held criminal sessions only four times a year, and the second trial was at the fifth criminal session. Furthermore, the defendant waived any claims to undue delay. The only motion for a speedy trial was made on 9 March 1976, prior to the first trial. Thereafter, trial was scheduled for the defendant and codefendant Watford for April, 1976. The State then elected to try the alleged triggerman, Jenkins, alone and the trial for Watford and the defendant was held in July 1976. The March 1976 motion was honored and dissolved by the July 1976 trial. No further motions for speedy trial were made during the fifteen-month period from the date of the first trial, 12 July 1976, until 3 October 1977, the date of the second trial.

State v. Hall

Finally, the defendant has shown no prejudice resulting from the delay. He was imprisoned on the conspiracy conviction while awaiting trial, and thus was not deprived of his liberty. There was no evidence that a detainer was filed which might jeopardize his chances for parole and work release or affect the accumulation of good behavior credits. *State v. Wright, supra.* Furthermore, the testimony the defendant sought to gain from Watford, which he claims was made unavailable by the State's delay, could have been merely corroborative of five other witnesses whose testimony supported the defendant's alibi defense.

Defendant also failed to meet the burden of showing that the delay was due to neglect or willfullness on the part of the State. *State v. Eppley,* 30 N.C. App. 217, 226 S.E. 2d 675 (1976); *State v. Arnold,* 21 N.C. App. 92, 203 S.E. 2d 395 (1974). He has also failed to negate the inference of waiver and to show prejudice in the preparation and presentation of his defense which resulted from the delay.

No general principle fixes the exact time within which a trial must be had. Whether a speedy trial is afforded must be determined in the light of the circumstances of each particular case. In the absence of a statutory standard, what is a fair and reasonable time is within the discretion of the court. 22A C.J.S., Criminal Law, § 467(4), pp. 24, 25, 30.

The trial court committed no abuse of discretion in denial of the motion to dismiss. This assignment of error is overruled.

[2] Defendant argues that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Sections 19 and 23 of the North Carolina Constitution. We disagree.

Defendant bases this contention on the fact that he had no appointed counsel between trials and that defense counsel appointed for the second trial was unable to secure the testimony of codefendant Watford.

The right to assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Sections 19 and 23 of the North Carolina Constitution. The Sixth Amendment guarantee is made applicable to the states by the Fourteenth Amendment to the United States Constitution. *Gid-*

*eon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). However, the guarantee of counsel only applies to "critical stages" of the prosecution, and what constitutes a critical stage is determined both from the nature of the proceedings and from the facts in each case. *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740 (1967), *cert. denied* 390 U.S. 1030, 88 S.Ct. 1423, 20 L.Ed. 2d 288 (1968). The record in this case shows that the defendant was represented by privately retained counsel at his first trial and by court appointed counsel for the second trial. The appointment of counsel for the second trial took place three months before the date of the second trial. The Sixth Amendment guarantee is not one of a specified time for trial preparation. *State v. Sweezy,* 291 N.C. 366, 230 S.E. 2d 524 (1976). Certainly, in the instant case, counsel for defendant had ample time for trial preparation. Indeed, a review of the record discloses that the defendant was not denied his Sixth Amendment right to counsel during any critical stages of the proceedings against him.

The fact that defense counsel was unable to ascertain the whereabouts and thus secure the testimony of codefendant Watford does not strengthen defendant's claim that he was denied effective assistance of counsel. As stated previously, the codefendant Watford's testimony would probably have only been of corroborative value. Even if the testimony had been valuable, three months would have been more than enough time for defense counsel to seek the witness's return. Defendant's denial of the effective assistance of counsel argument is without merit.

Defendant also assigns as error the denial of his motion to suppress the testimony of State's witness Jerome Askew, a codefendant never brought to trial, and Jewell Askew, the codefendant's grandfather. The defendant contends that the testimony of Jerome Askew should have been suppressed because of inconsistencies in testimony between the two trials, the consumption of alcohol on the night in question, and bias in the outcome of defendant's trial. The defendant further contends that the testimony of Jewell Askew should have been suppressed due to the familial relationship between Jerome and Jewell Askew. These arguments are without merit. The objections of the defendant go to credibility of the witness, a matter properly addressed through cross-examination, and not to the competency of the witness. 1 Stansbury, N. C. Evidence 2d (Brandis Revision) §§ 44, 46.

As the testimony was relevant and its reception was not forbidden by any specific rule of law, these assignments of error are overruled. *State ex rel. Freeman v. Ponder*, 234 N.C. 294, 67 S.E. 2d 292 (1951).

Defendant offers no authority for most of his remaining assignments of error. We have reviewed all of them and they are without merit. Defendant received a fair trial, free from prejudicial error.

In the trial of the case below, we find

No error.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.