### STATE V. HERBERT WALKER.
### STATE V. HERBERT WALKER, JAMES FUNNIE, CHARLES SHELTON.
### STATE V. HERBERT WALKER, JAMES FUNNIE, CHARLES SHELTON.

(*October* 16, 1953.)

LAYTON, J., sitting.

*Vincent A. Theisen,* Chief Deputy Attorney-General, for the State.

*Frank O'Donnell* (of Berl, Potter and Anderson) for the Defendants.

Superior Court for New Castle County, Nos. 19, 20 and 21, May Term, 1953.

LAYTON, J.:

Defendants were arrested February 28, 1953, indicted and arraigned at the May Term (the first week in May) and counsel was thereafter appointed to represent them. At the beginning of the week set aside for criminal trials, the State requested a continuance because of its inability to locate two material witnesses. Counsel for defendants did not object provided the case could be tried at that Term. Accordingly, it was set for trial on June 23. The day prior to that date, the State moved again for a continuance to the September Term because of its inability to have present the same two material witnesses. It appeared that all reasonable efforts had been made to find these witnesses includ-

ing the use of the police teletype systems in the two States of their respective residences, Maine and New Jersey. The State was prepared for trial but obviously unable to proceed for the reasons given. At that time, Walker and Funnie were already in jail serving sentences on other convictions which would not expire until late August. The September Term opened on September 21, less than one month later. Counsel for defendants objected to a further continuance. After consideration, I discharged one defendant, Shelton, from prison, placed him on bail on his own recognizance and continued the cases until the September Term.[1] Defense counsel promptly filed a motion to dismiss the indictments against the remaining defendants upon two grounds, Section 5341 of the *Revised Code of* 1935, 10 *Del. C.* § 6910, and Article I, § 7 of the *Constitution* of this State. Section 5341, insofar as material here, reads:

"\* \* \* and if such prisoner shall not be indicted and tried at the second term after his commitment, he shall be discharged from prison."

■ The section just quoted does not appear in the *Delaware Code Annotated,* 1953. Having been omitted therefrom, it is no longer law. *Monacelli v. Grimes, Del. Sup.* 1953, 99 *A.* 2d 255. And even if it were still in effect, it would not be material to this case for it deals, not with dismissal of indictments, but discharge from prison.

In the alternative, defendants insist that, from the facts above outlined, they have not been accorded a speedy trial within the meaning of Article I, § 7 of the *State Constitution* which reads:

"In all criminal prosecutions, the accused hath a right to \* \* \* a speedy and public trial by an impartial jury \* \* \*."

■ In *Beavers v. Haubert,* 198 *U. S.* 77, 87, 25 *S. Ct.* 573, 576, 49 *L. Ed.* 950, the Supreme Court of the United States in

---

[1]Shelton was not then serving time on any other sentence. He has since disappeared.

interpreting a similar provision of the Federal Constitution, said this:

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice."

A disposition of such a question, then, calls for a nice balancing between the public interest and the rights of a defendant.

The delay between arrest and indictment (about two months) was for this reason. Defendants were arrested on Thursday, February 28. The March Term began the following Monday. For practical reasons, the office of the Attorney General has found that it cannot prepare and bring on for indictment matters in which the arrest occurred within ten days of the opening of any Term. I am not prepared to dispute the wisdom of this practice. Nevertheless, one Term of Court having been allowed to elapse before the case is brought on for indictment, what attitude should the Court take when the State is not ready for trial at the subsequent Term? In *Frankel v. Woodrough*, 8 *Cir.*, 7 *F.* 2d 796, 798, the Court said:

"Speed in trying accused persons is not of itself a primal and separate consideration. Justice, both to the accused and to the public, is the prime consideration."

▮▮▮ Regardless of the Constitutional provision requiring speedy trial, Rule 48(b) affords ample protection to a defendant who is unnecessarily delayed in getting to trial,[2] and, in no event ought a further postponement be granted if there is not a pressing reason requiring it or if defendant would be in any way prejudiced thereby. Even so, the Constitutional provision here under consideration has as its object not only the protection of the individual's freedom, but also the preservation of his mind

---

[2]"If there is unnecessary delay in bringing the defendant to trial, the court may dismiss the * * * indictment. *Rules of Superior Court*, Criminal rule 48 (b), *Del. C. Ann.*

from anxiety over the outcome of pending criminal charges. Thus, it has been held that the fact that the defendant will be incarcerated during the entire period of the requested postponement on a conviction in some unrelated crime is wholly immaterial to a consideration of whether or not he has been accorded a speedy trial. *Frankel v. Woodrough, supra.* It is easy enough to accept such a statement of the law in a case where, for instance, a defendant convicted and sentenced to 20 years for robbery, kills a prison guard during his first year in jail and the State takes the attitude that it will not try him for homicide until the end of his sentence, nineteen years later. It is not so easy to accept this proposition in a case where the State asks a postponement for thirty days during which period the defendant would have been in jail on other convictions for 29 more days in any event.[3]

 However that may be, I have concluded that these defendants have not been denied a speedy trial. Having consented to a postponement until June 23, we are actually faced with a requested postponement of three months, or until the next Term of Court. The State was not negligent. Every effort was made to secure the missing witnesses. Continuance was granted on the condition that, if not brought to trial in September, defendants would be discharged. I am unable to discover anything oppressive, arbitrary or capricious in such a result.

In my opinion, the public interest was best served, and the defendants' constitutional rights not thereby violated, by the delay in this proceeding from the May until the September Term of this Court.

The motions are denied.

---

[3]The Court in *Frankel v. Woodrough,* above cited, impliedly agrees with this thought at paragraph 2, page 798 of 7 F. 2d.