EL-MASRI *v.* STATE

[No. 209, September Term, 1961.]

*Decided March 16, 1962.*

The cause was submitted to HENDERSON, PRESCOTT, HOR-NEY, MARBURY and SYBERT, JJ.

Submitted on brief by *Clarence E. Pusey, Jr.,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Joseph S. Kaufman, Deputy Attorney General, Saul A. Harris* and *Russell J. White, State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, for appellee.

PER CURIAM.

The State has moved to dismiss the appeal for the alleged failure of appellant to comply with Maryland Rule 828 b 1. Although the record extract is rather thin, the facts of the case are quite simple, and there is little dispute concerning them; hence the motion to dismiss is overruled. Cf. *Klein v. Dougherty,* 200 Md. 22, 87 A. 2d 821.

Appellant first complains that he was held in jail for four months pending trial, which resulted in a denial of his constitutional right to a speedy trial. He is a citizen of the United Arab Republic, and the record discloses that he was not tried sooner due to certain correspondence between the trial judge and the Embassy of the United Arab Republic and authorities in Egypt, in an attempt to obtain aid and assistance for the appellant. There was no denial of constitutional rights here. On the contrary, there was a serious effort made to help an accused, in a foreign land, charged with crime.

Appellant next contends that he should not have been convicted of forgery, because he signed fictitious names on the

checks, rather than those of real persons. The contention is without merit. *Lyman. v. State,* 136 Md. 40, 109 A. 548. He also claims the monies received by him were loans, and the checks were accepted as security for the loans. If we assume that such facts would constitute defenses to charges of forgery, his statements to that effect were denied, and the trial court did not believe the appellant—a finding which we definitely cannot say is clearly erroneous. Maryland Rule 886 a.

Finally, appellant makes the novel and unusual claim that the witness, Kouimanis, was improperly permitted to testify, since she was not a party to the case. There is no requirement in our jurisprudence that a witness be a party to the cause, in order to render her competent to testify.

> *Motion to dismiss overruled; judgments affirmed.*