**Vernon Lee PEPPERS, Petitioner,**

v.

**Dan L. DANIEL, etc., Respondent.**

**Civ. A. No. 1009.**

United States District Court
E. D. Tennessee,
Winchester Division.

Nov. 17, 1969.

---

T. Arthur Jenkins, Manchester, Tenn., for petitioner.

Elmer D. Davies, Asst. Atty. Gen., Nashville, Tenn., Charles S. Ramsey, Jr., Dist. Atty. Gen., Manchester, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This Court granted the writ of habeas corpus for the production of the petitioner Mr. Peppers to inquire into the right of the prisoner to liberty, notwithstanding any criminal acts he may have committed. An evidentiary hearing was conducted herein on November 12, 1969, and the Court has reserved judgment pending consideration.

The petitioner claims violations of his federal rights to a speedy trial, the equal protection of the laws, and against excessive bail. The facts necessary to a decision are not in serious dispute:. Mr. Peppers was indicted on a criminal charge on August 11, 1969. One week afterward he pleaded not guilty, and his case was assigned for trial about three weeks thence. Before the time for trial, Mr. Peppers' bail bond was declared forfeited; he was arrested on authority of a capias; the principal sum of his bond was doubled in view of his alleged noncompliance with the terms and conditions of the previous undertaking; and he was remanded to the custody of the respondent by the Circuit Court of Coffee County, Tennessee, in lieu of the second undertaking, where he now reposes.

The day preceding the scheduled trial date aforementioned, the trial judge ordered such criminal trial to be continued until the next term of such court. This was the result of an oral motion for such continuance by the district attorney general for the seventh judicial circuit of Tennessee. Such action of the state trial judge was authorized upon a showing of good cause. T.C.A. § 40–2503. Such good cause was shown by the statement of the prosecuting attorney that the alleged victim of the petitioner's alleged crime was unavailable to testify at the time originally scheduled for trial.

 The postponement of a trial because of the absence of a material wit-

ness for the prosecution does not violate a defendant's constitutional rights. State v. Goodmiller (1963), 86 Idaho 233, 386 P.2d 365. "* * * 'A speedy trial is one conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, and oppressive delays. * * * The law does not exact impossibilities, or extraordinary efforts, diligence, or exertion from the courts, or the representatives of the state; nor does it contemplate that the right of speedy trial which is guaranteed to the prisoner shall operate to deprive the state of a reasonable opportunity of fairly prosecuting criminals.' * * *" Gerchman v. State (1966), 206 Tenn. 109, 332 S.W.2d 182, 185 [3]. Mr. Peppers' federal constitutional right to a speedy trial has not yet been violated.

The petitioner undertook to show by evidence that he was denied the equal protection of Tennessee law, by having the principal amount of his appearance bond doubled, under a practice followed by the prosecuting attorney, when the appearance bond of another defaulting defendant was not doubled simultaneously. Mr. Peppers did not carry the burden of proving this allegation by a preponderance of the evidence, as was his onus in this instance. Garner v. United States, D.C.Tenn. (1968), 296 F.Supp. 491. There is no merit to this ground of the petitioner's application.

Pretermitting any question of whether the proscription of the Eighth Amendment to the federal Constitution against excessive bail is applicable to prosecutions in state courts, this Court finds that Mr. Peppers has not shown he has exhausted his remedy in the state court to apply for a reduction in the amount of bail demanded of him. This Court will withhold relief in this habeas corpus proceeding as to this matter, on the theory that an adequate remedy in the state courts has not been exhausted. *Cf.* Stack v. Boyle (1951), 342 U.S. 1, 6–7, 72 S.Ct. 1, 96 L.Ed. 3, 7 (headnote 9).

For these reasons this Court hereby denies the petitioner Vernon Lee Peppers all relief. Judgment will enter accordingly. Rule 58, Federal Rules of Civil Procedure.