GEORGE GROSS *v.* STATE OF INDIANA.

[No. 471S120. Filed February 25, 1972. Rehearing denied April 5, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by George Gross, appellant (defendant below), from a conviction for First Degree Burglary. The sole issue presented to this Court is whether appellant was denied an early trial provided in CR.4(B), and, in turn, whether the trial court erred in overruling his motion for discharge under the rule.

The facts pertaining to this issue are as follows. June 17, 1970, appellant was charged with the crime of first degree burglary. On June 19, 1970, appellant's counsel entered an appearance, appellant waived arraignment and entered a plea of not guilty. On August 14, 1970, appellant moved for a continuance and the motion was granted. August 18, 1970, appellant, by letter, requested an early trial and the court set trial for September 14, 1970. On September 2, 1970, appellant's privately employed counsel withdrew. Then, September 14, 1970, the day set for trial, appellant appeared in court without counsel. The trial court then appointed counsel for appellant and continued the case until September 28, 1970, in order to allow the new counsel time to prepare his case. On September 28, 1970, the State moved for a continuance which was granted and trial was set for November 2, 1970. October 28, 1970, the appellant filed a written waiver of jury trial. On November 2, 1970, the State filed a written motion for continuance under CR.4(D) which was granted. Trial was set for November 30, 1970, to which appellant objected, again demanding an early trial. The objection was overruled. On November 9, 1970, appellant wrote the trial court requesting discharge under CR.4(B) which was denied. The trial court's basis for denial was that appellant's appearance in court without counsel on September 14, 1970, was a delay chargeable to defendant. On November 30, 1970, the case was called for trial. Appellant moved for discharge which was denied and trial commenced.

CR.4(B) reads as follows:

"Defendant in jail—Motion for early trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty [50] judicial days from the date of such motion, except where a continuance within said period is had on his motion, *or the delay is otherwise caused by his act,* or where there was not sufficient time to try him during such fifty [50] judicial days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule." (our emphasis)

The first question which must be answered is whether the delay which arose when new counsel was appointed by the trial court and the court continued the cause for two weeks to enable counsel to properly prepare his case was a delay caused by the appellant's act. Appellant's privately appointed counsel withdrew on September 2 and on September 14, the day set for trial, appellant appeared without counsel. Apparently appellant was willing to be tried without the aid of counsel but the judge correctly decided that the appellant should be represented. Art. 1, § 13 of the Constitution of Indiana guarantees a defendant the right to counsel.

"The fundamental right of defendant in a criminal case to have competent counsel assist him in his defense, carries with it as a necessary corollary the right that such counsel shall have adequate time in which to prepare the defense." *Sweet* v. *State* (1954), 233 Ind. 160, 164, 117 N. E. 2d 745, 746.

The actions of appellant in arriving in court without counsel after his privately retained attorney withdrew precipitated the delay. Although possibly willing to proceed without counsel, appellant acquiesced in the appointment of counsel and in the continuance for preparation time. The delay was clearly for appellant's benefit and intended to insure him his constitutional rights. Since the delay was precipitated by appellant's own actions and was for his benefit, the delay is chargeable to the appellant. See, *Summerlin* v.

*State* (1971), 256 Ind. 652, 271 N. E. 2d 411; *Rhodus* v. *People* (1966), 160 Colo. 407, 418 P. 2d 42; *State* v. *Gardner* (1963), 233 Or. 252, 377 P. 2d 919; *State* v. *Hodge* (1966), 153 Conn. 564, 219 A. 2d 367; *El-Masri* v. *State* (1962), 228 Md. 114, 178 A. 2d 407; *State* v. *Amerison* (Mo. 1966), 399 S. W. 2d 53.

The State contends that since the delay is chargeable to appellant the fifty days should start to run anew from the date on which the delay arose. We cannot agree. As was stated in *Summerlin* v. *State, supra,* the reason the six month period under CR.4(A) was held to start anew upon a delay was the fact that the rule is self-executing in nature and a defendant can always avail himself of the fifty day rule if he truly desires an early trial. The fifty judicial day, early trial rule under CR.4(B) is not self-executing. In the instant case, appellant had previously indicated that he did indeed desire a speedy trial. The question then becomes, when there is a delay caused by defendant where an early trial had previously been requested, what amount of delay is attributable to the defendant's actions? This can be decided only on a case-by-case basis. In the case at bar, the trial judge continued the case for two weeks to allow counsel time to prepare. Under the circumstances of this case, the amount of time was entirely reasonable. The initial fifty judicial days was thus extended by ten judicial days.

Therefore, when the State made its motion under CR.4(D) on November 2, although fifty judicial days had run since the initial request was made for an early trial, it was still timely because of the two week extension of the fifty days caused by the delay chargeable to appellant. The next question must be whether it was proper to continue the case under CR.4(D). CR.4(D) reads as follows:

"Discharge for delay in trial—When may be refused—Extensions of time. If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then

be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety [90] days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety [90] days, he shall then be discharged."

The State's motion for a continuance was due to the absence of an essential witness. This witness had recently been injured in an automobile collision and was partially paralyzed. The witness had not at that time sufficiently recovered to permit her attendance in court and would not be sufficiently recuperated for at least two to three weeks. Such a circumstance would clearly fall within the purview of CR.4(D). The absence of a key witness through no fault of the State is certainly good cause for extending the time period requirement for an early trial. See, *People* v. *Mitchell* (1969), 275 Cal. App. 2d 351, 79 Cal. Rptr. 764, cert. den. 397 U.S. 1053; *People* v. *Salcido* (1968), 263 Cal. App. 2d 1, 69 Cal. Rptr. 193, cert. den. 393 U.S. 1102; *People* v. *Bracamonte* (1967), 253 Cal. App. 2d 980, 61 Cal. Rptr. 830; *People* v. *Ross* (1968), 41 Ill. 2d 445, 244 N. E. 2d 608, cert. den. 395 U.S. 920; *People* v. *Wollenberg* (1967), 37 Ill. 2d 480, 229 N. E. 2d 490; *People* v. *Moriarity* (1966), 33 Ill. 2d 606, 213 N. E. 2d 516; *People* v. *Wallace* (1971), 33 Mich. App. 182, 189 N. W. 2d 861; *State* v. *Cavallaro* (1968), 1 N. C. App. 412, 161 S. E. 2d 776, aff'd. 274 N. C. 480, 164 S. E. 2d 168; *State* v. *Saunders* (1963), 2 Conn. Cir. 207, 197 A. 2d 533; *State v. Goodmiller* (1963), 86 Idaho 233, 386 P. 2d 365; *State* v. *Walker* (1953), 48 Del. 190, 100 A. 2d 413; *Raleigh* v. *Coiner* (N.D. W. Va. 1969), 302 F. Supp. 1151; *Peppers* v. *Daniel* (E. D. Tenn. 1969), 306 F. Supp. 1225. The delay was twenty-eight (28) days, well within the ninety (90) day limitation of the rule.

Clearly, no error was committed by the trial court in denying appellant's motion for discharge and the judgment must therefore be affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 583.