DONALD R. KNIGHT *v.* STATE OF INDIANA.

[No. 1-373A48. Filed June 13, 1973.]

*James W. Pendland,* of Mitchell, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—This is an appeal by Donald Knight, appellant (defendant below), from a conviction for aggravated assault and battery. On April 10, 1972, Knight was charged by affidavit with the offenses of carrying a pistol without a permit and aggravated assault and battery to both of which he pleaded not guilty. Thereafter, on May 5, 1972, Knight filed a motion for change of venue which was overruled that same date without a hearing on the motion. Subsequent to the sustaining of a motion for separate trials and various other proceedings, including a trial and conviction on the charge of carrying a pistol without a permit, on July 24, 1972, trial on the aggravated assault and battery charge was set for October 3, 1972. Trial did not, however, take place on October 3, 1972, but instead a civil cause was heard on that date. On October 6, 1972, Knight filed a motion for dismissal alleging that the cause should be dismissed because ". . . Defendant, being in jail, was not brought to trial within fifty (50) judicial days as required by CR. 4." The motion was overruled and trial was set for November 9, 1972, at which time Knight was tried by a jury and found guilty of aggravated assault and battery.

Subsequent to the jury's verdict, Knight filed a motion to correct errors in which the following errors were alleged: (1) the court erred in overruling defendant's motion for change of venue without a hearing on said motion; (2) the court erred in overruling defendant's motion for dismissal; and (3) the State failed to prove beyond a reasonable doubt that de-

fendant had the requisite intent to commit the offense with which he was charged. Knight's motion to correct errors was overruled and the aforementioned allegations of error are now raised in this appeal.

The substance of Knight's argument relating to the overruling of his motion for change of venue is that while it was within the judicial discretion of the trial court to grant or deny a change of venue from the county, it was reversible error to deny the motion without a hearing thereon. This very same issue was recently raised in *Knight v. State* (1973), 155 Ind. App. 680, 294 N.E.2d 158, which was an appeal by defendant herein, Knight, from his conviction for carrying a pistol without a permit. In that case, we found it necessary, as we likewise do here, to reverse Knight's conviction on the basis of *Hanrahan v. State* (1968), 251 Ind. 325, 241 N.E.2d 143, in which the Indiana Supreme Court, in construing Supreme Court Rule 1-12c, now CR. 12, held:

". . . that to deny an uncontroverted, verified application for change of venue without affording petitioner some opportunity to present additional evidence in support of said application is an abuse of discretion by the trial court, and that such a denial in this case constitutes reversible error. . . ." See also: *Brown v. State* (1969), 252 Ind. 161, 247 N.E.2d 76; *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799.

We are thus compelled to reverse this action and remand the same for further proceedings not inconsistent with this opinion.

While the foregoing renders unnecessary a determination as to the sufficiency of the evidence relating to the element of intent, we must, nonetheless, resolve the issue as to whether Knight was denied his right to a speedy trial since any error predicated upon this issue would result not only in a reversal of the cause but also a discharge of defendant. In regard to this issue, it is urged on behalf of Knight that the trial court should have granted the motion to dismiss because Knight who was in jail, was not brought to trial within fifty judicial

days as required by CR. 4. More specifically, Knight's motion was based on CR. 4(B), which reads:

"(B) If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty [50] judicial days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such fifty [50] judicial days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule."

Counsel for Knight argues in his brief that although no motion for early trial was made on behalf of Knight as is provided for by CR. 4(B), he was entitled to trial within fifty judicial days from the date on which the court set trial for a certain time and therefore since the court in this action set trial on July 24, 1972, for October 3, 1972, but trial was not had until November 9, 1972, which was beyond the fifty day period, then the motion to dismiss should have been granted. While this argument is novel, we find it to be without supporting authority or logical merit. Indeed, a criminal defendant has a well established right to a speedy trial and to deny him such is a clear violation of both the federal and Indiana constitutions. CR. 4(A) and (C) have established the outside limitation of that constitutional right at six months for a defendant in jail and one year for a defendant released on recognizance bond. The fifty day period, however, as provided in CR. 4(B) is not a mandatory limitation which the prosecution or trial court must take upon itself to meet in order to afford a defendant his constitutionally guaranteed right to a speedy trial, but rather it is a remedy for early trial or possibly discharge of which a defendant may avail himself only upon proper motion. As was stated in *Gross* v. *State* (1972), 258 Ind. 46, 278 N.E.2d 583, "The fifty judicial day, early trial rule CR. 4(B) is not self-

executing." Accordingly, we hold that the trial court did not err in overruling the motion to dismiss.

Judgment reversed for further proceedings not inconsistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 296 N.E.2d 892.