Curtis L. LYONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 181S25.

Supreme Court of Indiana.

Jan. 29, 1982.

Harry A. Psimos and Patrick J. McMana-ma, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Unlawful Deviate Conduct and was sentenced to ten (10) years imprisonment. He was also found to be an habitual offender and the sentence of the underlying felony was enhanced with the mandatory term in accordance with the provisions of I.C. 35–50–2–8 [Burns' Repl. 1979].

Appellant claims the trial court erred in denying his Motion for Discharge made immediately prior to trial. Appellant identifies as the basis for this alleged error the State's failure to comply with Ind.R.Cr.P. 4(C), which provides in relevant part:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed . . . except where continuances had on his motion, or the delay was caused by his act . . . ."

The information charging appellant with the instant offense was filed April 6, 1979. Trial was first set for February 25, 1980. Due to a number of delays for varying reasons, trial did not commence until July 7, 1980. The question presented is whether the additional delays in the conduct of the trial were attributable to "continuances had on his own motion, or the delay was caused by his own act . . . ." *Id.*

■ Appellant first concedes there was a sixteen (16) day delay in the commencement of the trial due to his Motion for Change of Venue, filed April 24, 1979, and granted May 10, 1979. Delays attributed to a defendant's motion for change of venue are delays caused by the defendant's own acts. *State ex rel. Garvin v. Dearborn Circuit Court*, (1972) 257 Ind. 631, 277 N.E.2d 370; *State v. Grow*, (1970) 255 Ind. 183, 263 N.E.2d 277; *Schuck v. State*, (1981) Ind. App., 412 N.E.2d 838. Appellant contends this is the only delay attributable to him, while the State contends additional delays totaling one hundred fifty (150) days are chargeable to appellant.

On May 18, 1979, appellant through counsel moved to continue an omnibus hearing to July 3. On July 3 another motion to move the scheduled omnibus hearing to September 14 was made and granted. On September 14 the omnibus hearing was again rescheduled for October 19. The record reflects both the State and appellant agreed to the September 14 continuance though appellant interprets the record as inconclusive on that point. In an affidavit filed later in the cause, appellant's attorney swears he never consented to such a continuance. Subsequently, a trial date of February 25, 1980, was set. That date was later reset to April 21. On April 21 the trial date was again reset for July 7, the date on which the trial actually commenced. Both in his brief and in the July 3 hearing on appellant's Motion for Discharge, it is asserted the reason for the repeated motions for continuance was the State's failure to produce the prosecutrix for deposition. Thus, concludes appellant, this portion of the delay is chargeable to the State, and not to him.

■ Appellant cites no authority for the proposition the State bore an affirmative duty to produce the prosecutrix for deposition, and we know of none. The record reflects that on September 10, 1979, appellant as required by Indiana Trial Rule 30(B)(1) provided notice to the State of his intent to take the deposition on September 13, one day prior to the scheduled omnibus hearing. However, we see no evidence in the record the continuances sought on May 18 and July 3 were sought because of appellant's inability to depose the prosecutrix. If appellant made the first two motions for the reason now alleged, his inability to take the deposition is attributable to his own

failure to follow the procedure outlined in Indiana Trial Rule 30(B)(1) to be assured the prosecutrix would be available for deposition. If the motions for continuance were made for some other reason chargeable to the State, we are not aware of what it is and can only conclude from the record the delay is attributable to appellant. The record reflects nothing more than that it was on appellant's motions that the continuances were granted. It is the duty of the party alleging error to present this Court with a proper record. *Moore v. State*, (1979) Ind., 393 N.E.2d 175; *Buchanan v. State*, (1978) 268 Ind. 503, 376 N.E.2d 1131.

We conclude the delay that took place from May 18 to September 14 is chargeable to appellant. This delay is one hundred nineteen (119) days in length. Coupled with the sixteen (16) day delay due to appellant's Motion for Change of Venue, a delay of one hundred thirty-five (135) days is chargeable to appellant. The one year time period in which a criminal defendant is required to be tried is extended by the length of any delay attributable to him. *Little v. State*, (1981) Ind., 415 N.E.2d 44; Ind.R.Cr.P. 4(C). In the case at bar the latest acceptable trial date for appellant was one year plus one hundred thirty-five (135) days after April 6, 1979, or August 19, 1980. Since trial was held on July 7, 1980, it was well within the limit of Ind.R.Cr.P. 4(C).

Appellant next claims the trial court erred in excluding Defense Exhibit No. 6 from admission into evidence. This exhibit is a handwritten notation from the police investigative file on the case. On the document is written the notation "10/20/78-Tlked 2 subj. stated that 'Subject said he knew victim, for long time, also knew son. Ex-husband stated possibly/knows subject.'" The notation is followed by three names, two of which have dates and five digit numbers written after them. None of the names is that of the appellant.

Appellant argues this evidence was relevant and was erroneously excluded by the trial court. Its relevancy, appellant argues,

centers around the contradictory nature of the identification testimony of the prosecutrix. It is claimed the evidence meets the test of relevancy of slightly tending to prove or disprove a material fact. *Morris v. State*, (1979) Ind.App., 397 N.E.2d 1056.

The State argues the denial of the admission of the document into evidence was proper because there was no foundation testimony elicited to establish the authenticity of the document. This argument must fail as the State had already stipulated as to the authenticity of the document in question. A party entering into a stipulation with the consent of the other party is bound to the facts so stipulated. *Coonan v. State*, (1978) 269 Ind. 578, 382 N.E.2d 157. The stipulation thus established the fact the document was an authentic police document produced in the investigation of the case. The State is estopped to deny its authenticity now.

However, we do not see the denial of the admission of the document as error. We do not believe the content of the exhibit to be of any probative value at all. Appellant did not call the ex-husband as a witness to bolster the suggestion that someone other than appellant was the assailant. As to the three names of the other men written by the police investigator on the document, we again see no tendency, even a slight one, to prove anything about the identity of the assailant. None of these three men's names appear anywhere else in the record. As to the statement attributed to the prosecutrix that the assailant said he knew her and her son, there was ample testimony elicited from the prosecutrix herself concerning this matter. The exclusion of evidence that is merely cumulative of other evidence already introduced is not error. *Strickland v. State*, (1977) 265 Ind. 664, 359 N.E.2d 244. We hold the exclusion of this document was not error.

Appellant next claims the trial court erred in refusing to give his tendered Instruction No. 4 which reads:

"In weighing [the testimony of the prosecutrix], you have a right and a duty to

take into consideration the fact that before she identified the accused as her assailant, she had identified two other persons as the perpetrator of the assault. "In the event you find she identified two other such persons as the individual who assaulted her, you have the right to consider her condition, surroundings and all the facts and circumstances which are known to have existed at the time she made her identification."

The thrust of appellant's proposed instruction is the credibility of the prosecutrix is subject to question. It is also clear the instruction is directed solely at the prosecutrix. Instructions on the credibility of witnesses should be general in nature and should apply equally to all witnesses. *Murphy v. State*, (1977) 267 Ind. 184, 369 N.E.2d 411. This proposed instruction did not have general application and was properly excluded by the trial court.

Appellant cites *Shular v. State*, (1903) 160 Ind. 300, 66 N.E. 746 as an example of a case in which an instruction directed solely at the credibility of the complaining witness was given and approved by this Court. We believe the rule in *Murphy, supra*, is the better one and *Shular, supra*, is overruled on this point. *See also, Newman v. State*, (1970) 254 Ind. 578, 261 N.E.2d 364; *McDonough v. State*, (1961) 242 Ind. 376, 175 N.E.2d 418; *Swanson v. State*, (1944) 222 Ind. 217, 52 N.E.2d 616.

The trial court gave two instructions on credibility of witnesses. It is not error to refuse instructions where the subject matter of the rejected instruction is adequately covered by the giving of other instructions. *Cox v. State*, (1981) Ind., 419 N.E.2d 1279; *Tolbert v. State*, (1979) Ind., 391 N.E.2d 823.

Appellant claims the enhancement of his sentence as an habitual offender should be vacated because the conviction on the underlying felony should be reversed due to the erroneous denial of his Motion for Discharge. We have already shown the denial of this motion was not error. Appellant makes no other argument as to error surrounding the finding he is an habitual offender. Thus, the enhancement of his sentence is affirmed.

The trial court is in all things affirmed.

All Justices concur.