**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Travis TOMES, Appellee (Defendant Below).**

**No. 4–683A204.**

Court of Appeals of Indiana, Fourth District.

July 26, 1984.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellant.

Dennis Brinkmeyer, Evansville, for appellee.

YOUNG, Judge.

The State appeals an order granting the motion of Defendant-Appellee Travis Tomes for discharge pursuant to Ind.Rules of Procedure, Criminal Rule 4(C).

We affirm.

On July 3, 1980, Tomes was charged by information with four controlled substances violations. Arraignment having been deferred, he requested a change of venue from the judge on July 6, 1980; a special judge qualified on December 5, 1980. At that time, defendant waived formal arraignment, entered a plea of not guilty, and requested a trial by jury. The special judge originally set jury trial for April 20, 1981.

The trial date was twice rescheduled, first by the agreement of the parties for July 6, 1981, and then for September 24, 1981. In preparation for this latter trial date, the defense sought to depose a prosecution witness. Defendant filed notice to take deposition on September 9, 1981, and in order to depose the witness, moved for a continuance on September 17, 1981. The court granted the motion and vacated the scheduled trial without date.

The record shows no further proceedings in this cause until January 7, 1983, when trial was scheduled to commence on March 3, 1983. Although the court's minutes state that the trial date was set "by the agreement of the parties," defense counsel's affidavit, opposed by neither the court nor the prosecution, indicates that the defendant received no notice of the new trial date until the following week, and that on January 13, 1983, he promptly filed a motion for discharge. The court granted this motion and discharged the defendant on February 22, 1983.

Discharge for delay of a criminal trial for more than one year is governed by C.R. 4(C), which provides:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

In asserting that Tomes has been improperly discharged under this provision, the State fails to define the boundaries of the one-year period in question. Because the proceedings below span nearly three years, we cannot intelligibly discuss the specific issues in this case without a preliminary analysis of those proceedings. Reversal would require a determination that as a matter of law the statutory period had not expired prior to January 7, 1983, due to delays caused by the defendant.

The law is clear that under C.R. 4(C), any delays caused by defendant's acts extend the one-year time limitation by the length of such delays. *Little v. State*, (1981) Ind., 415 N.E.2d 44. A defendant's motion for change of venue from the judge, accordingly, tolls the statutory period until the new judge qualifies and assumes jurisdiction. *State v. Grow*, (1970) 255 Ind. 183, 263 N.E.2d 277. Thus, appellee is chargeable with the delay occasioned by his request for a change of venue from the judge, which motion occupied the period from July 6 to December 5, 1980. On the latter date, the special judge qualified and set trial for April 20, 1981.

The court's minutes reflect that by the agreement of the parties, this trial date was vacated on April 7 and reset for July 6, 1981. The delay from April 7 to July 6, therefore, is chargeable to the defendant, who acquiesced in vacation of the earlier trial date. *See Ford v. State*, (1975) 165 Ind.App. 303, 332 N.E.2d 221.

Trial was not held on July 6, however, and the court on July 8 reset trial for September 24, 1981. Nothing in the record indicates that the defendant either acquiesced or objected to this delay. We need not speculate regarding the causes of this delay, as this period is not determinative in calculation of the one-year statutory period.[1]

Before the September 24 trial date, defendant on September 9, 1981, filed notice to depose State's witness Ric Allen. Deposition of this witness apparently required the defense to seek a continuance; the trial court granted this motion on September 17, 1981.

There can be no question that defendant is chargeable with the delay attributable to his motion for a continuance in order to depose a prosecution witness. *Winningham v. State*, (1982) Ind., 432 N.E.2d 24; *Lyons v. State*, (1982) Ind., 431 N.E.2d 78. However, when a delay in bringing defendant to trial is chargeable to defendant, the period fixed by C.R. 4(C) is extended *only* by such period of delay. *Martin v. State*, (1981) Ind.App., 419 N.E.2d 256. In the present case, defendant's trial was not rescheduled until January 7, 1983, when it was reset for the following March 3. Given this lapse of some 16 months, the specific issue in this case becomes the extent of the delay attributable to defendant's motion for a continuance in order to take the deposition.

Appellant's Brief is singularly unhelpful in our resolution of this issue. The State's sole contention, as developed in the single paragraph which comprises its substantive argument, is that appellee is not entitled to discharge because he was aware that the March 3, 1983, trial date was beyond the time limitation of C.R. 4(C), and yet he failed to object at a time when the court could still grant him a trial within the statutory period.[2] This argument is conveniently conclusory in its assumption that the statutory period was still running as of January 1983 and yet would have expired before March 3, 1983.[3] As our discussion below indicates, this questionable premise is the only logical possibility which could require reversal.

Given the lack of relevant argument by appellant, we are unwilling to search the record in order to supply theories upon which to reverse the trial court's order. For the sake of clarity, however, we will examine the merits of the decision and explicate our reasons for affirming the order.

C.R. 4(C) prohibits holding a defendant to answer a criminal charge "for a period *in aggregate* embracing more than one year," exclusive of delays caused by the defendant. At the time of defendant's notice to take deposition and motion for continuance, some four to six months had already elapsed. The issue as to whether appellee was properly discharged, therefore, turns upon the extent of the delay attributable to the defendant upon his motion for continuance.

Our Supreme Court has held that where delay is caused by the defendant, determination of the extent of the delay attributable to defendant's actions must proceed on a case-by-case basis. *Gross v. State*, (1972)

---

1. If this delay is attributed to the defendant, 123 days would have elapsed under the Rule as of the defense's September 9, 1981, motion. If it is charged to the State, 188 days would have accrued. In either case, our analysis below indicates that the time limitation would have expired before the crucial date of January 7, 1983.

2. The State's entire argument is as follows:
   The Defendant was aware that the trial date of March 3, 1983 was beyond the time allowed by Criminal Rule 4(C). As a result, under these facts, it was necessary that the Defendant, if he genuinely desired to be tried before July 3, 1981, object to the trial court's scheduling of the proceedings at a time when the court could yet grant him a trial date within the proper period. *Arch v. State*, (1978) 269 Ind. 450, 381 N.E.2d 465. Since a timely objection was not made at a time when the trial court could have possibly corrected the error, the Defendant acquiesced in being tried after July 3, 1981. Thus, the Defendant was not entitled to be discharged.

3. In the only logical construction we can give to its unstated assumptions, the State seemingly concedes that the statutory period would have run before March 3, 1983, and presumably maintains that the period had not expired before January 7, 1983.

258 Ind. 46, 278 N.E.2d 583. Here, a delay of some sixteen months ensued following defendant's motion for a continuance. Assignment of even half of this delay to the State's lassitude would result in a finding that the statutory period elapsed prior to January 7, 1983.[4]

◼ We find adequate grounds to support the trial court's implicit conclusion that the State must assume responsibility for a good part of this delay. The trial court may have concluded that the State was inexcusably dilatory in its complete inaction over this sixteen-month period. The court may have recognized its own omission in failing to set a new trial date upon the motion for continuance or at any subsequent time until January 1983. Without undue speculation as to the trial court's reasoning, we perceive circumstances—particularly the excessive length of the delay—warranting the conclusion that the one-year period had expired prior to January 7, 1983.

This case is distinguishable from *Moreno v. State,* (1975) 166 Ind.App. 441, 336 N.E.2d 675, in which the court found that defendant's request for an indefinite continuance tolled the statute for the entire delay of four months until the new trial date. The court there went on to hold that a defendant who seeks an indefinite continuance must take some affirmative action to notify the court of a willingness to proceed to trial, in order to reinstate the running of the statutory period. In the present case, Tomes did not request an indefinite continuance, but rather a continuance which eventuated in a lengthy delay due to the court's failure to reset trial, for undisclosed reasons. Secondly, the delay here was substantially longer than the four-month period involved in *Moreno.* Furthermore, we decline to broaden the holding in *Moreno,* viewing such an extension as inconsistent with Indiana Supreme Court decisions holding that a defendant may not be required to take affirmative action to bring himself to trial, *State ex rel. Back v. Starke Cir-*

cuit Court, (1979) 271 Ind. 82, 390 N.E.2d 643; *State ex rel. Wickliffe v. Judge of Criminal Court of Marion County,* (1975) 263 Ind. 219, 328 N.E.2d 420, and that we must determine the amount of delay attributable to defendant's actions on a case-by-case basis. *Gross, supra.*

◼ Having concluded that the statutory period had run by January 7, 1983, we can dismiss the State's argument that Tomes fatally neglected to object to the trial date at a time when the court could yet schedule a trial within the one-year period. A defendant may not sit idly by and permit a court to set a trial date beyond expiration of the statutory time limit; to do so is to waive any objection under C.R. 4. *Wickliffe, supra.* However, the burden in the first instance is upon the State to provide a speedy trial. *State v. Rehborg,* (1979) 272 Ind. 322, 396 N.E.2d 953. The defendant is not required to take affirmative steps to obtain trial within the period provided by the Rule, and waiver arises only where defendant learns, *within* the period during which he could properly be brought to trial, that the court proposes trial on an untimely date. *Rehborg, supra; Wilson v. State,* (1977) 172 Ind.App. 696, 361 N.E.2d 931.

◼ In the present case, the statutory period expired before the trial court ever acted to reschedule trial. The defendant never had an opportunity to object to the setting of trial at a juncture when timely proceedings could still have been commenced. He was therefore under no duty to object prior to his motion for discharge, promptly submitted when the defense learned of the proposed trial date.

The order of the trial court is affirmed.

CONOVER, P.J., concurs.

MILLER, J., concurs.

---

**4.** Addition of half of the 486-day delay between September 9, 1981, and January 7, 1983, or 243 days, to the *minimum* of 123 days previously chargeable to the State (see Note 1, *supra*), yields a period of 366 days.