STATE of Indiana, Appellant,
(Plaintiff Below),

v.

Franklin Lee BONDURANT Sr.,
Appellee, (Defendant Below).

No. 79A04–8612–CR–00374.

Court of Appeals of Indiana,
Second District.

Oct. 19, 1987.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellant.

Robert A. Mucker and Jay T. Seeger, Gambs, Mucker, Bauman and Seeger, Lafayette, for appellee.

PER CURIAM.

On October 19, 1984, the State filed an information charging Franklin Lee Bondurant, Sr. with six counts of child molesting and one count of attempted child molesting. On July 3, 1986, the trial court, pursuant to Bondurant's motion, dismissed all seven counts because of the delay in bringing Bondurant to trial. The State appeals asserting that the trial court erroneously granted Bondurant's "Motion to Dismiss and for Discharge." We affirm.

Indiana Rules of Criminal Procedure, Rule 4(C) allows for discharge of defendants, stating:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date of the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned

circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

Under this rule, a defendant is not obligated to take affirmative steps to obtain a trial date within the time limitations set by the rule. *Burst v. State,* (1986) Ind.App., 499 N.E.2d 1140, 1144, trans. den., (*citing State v. Tomes* (1984), Ind.App., 466 N.E.2d, 66, 70). The burden is upon the State to assure that the defendant is provided a speedy trial. *Id.* A defendant may waive his right to speedy trial if he "learns, within the period during which he could properly be brought to trial, that the trial court proposes an untimely trial date." *Burst, supra* at 1145 (*citing Tomes, supra; State v. Rehborg* (1979), Ind.App., 396 N.E.2d 953, 954). If the defendant learns that an untimely date is being set, he must "object at the earliest opportunity so that the court can reset the trial for a date within the proper period." *Burst, supra* at 1145 (*quoting Little v. State* (1981), 275 Ind. 78, 415 N.E.2d 44, 46). However, this duty does not exist when the untimely trial date is discovered after the expiration of the time period in which a timely proceeding could have been commenced. *State v. Tomes* (1984), Ind.App., 466 N.E.2d 66, 70.

In the present case, the pertinent one year time period began to run on October 22, 1984 when Bondurant was served with a warrant and taken before the court for his initial hearing. Thus, Bondurant originally should have been brought to trial by October 22, 1985. On February 7, 1985, the parties met and agreed to a trial date of April 23, 1985.[1] The trial was subsequently continued and reset on four different occasions. Because the parties do not agree as to which party was responsible for each delay, we will discuss each relevant time period separately. Under Criminal Rule 4(C), the one-year time limitation is extended by the length of any delays attributable to the defendant. *Tomes, supra* at 68.

The first disputed time period runs from April 23, 1985 to August 20, 1985 and consists of 119 days. On April 12, 1985, the State moved for a continuance due to court congestion. The continuance was granted and the trial reset for August 20, 1985, creating a 119 day delay. Normally, delay due to a continuance resulting from court congestion will not be charged against the State. See Ind.R.Crim.P. 4(C). Bondurant, however, asserts that in this case the 119 days should be charged to the State because of the State's actions. Five criminal cases were originally scheduled for trial on April 23. On April 12, the State filed for a continuance in four of the cases including Bondurant. Continuances were granted in each case. The State based its request on the fact that the defendant, Smith, in the fifth case had requested a speedy trial and therefore, the State would have to proceed with that cause on April 23. However, on April 12, the State also requested that Smith be released on his own recognizance and the trial court granted the request. Additionally, the State sought to transfer the Smith case to Superior Court, the court in which Bondurant's case was docketed, in order to expedite its disposition. This motion was also granted on April 12. On April 15, the State moved to continue the Smith case alleging in part that another matter, *State v. Ping* was set for April 23 and needed to be tried. The motion also alleged that Smith was no longer incarcerated and therefore, Smith's Early Trial Motion was a nullity. The trial court granted the motion over Smith's objection. Notably, *State v. Ping* was one of the four cases that had been continued upon the State's request on April 12. As a result of these proceedings, no criminal case was tried on April 23.

Bondurant argues that these facts illustrate that the continuance from April 23 to August 20 was granted as a result of fraud being practiced on the trial court. Bondurant asserts that he initially accepted the State's assertion of court congestion but later discovered the fraud at the time he

---

1. The time period from October 22, 1984 to April 23, 1985 consists of 183 days. The parties appear to agree that the 183 days was chargeable to the State.

was filing his motion for dismissal. The trial court ultimately charged the State with the 119 day delay caused by the continuance. The State asserts this was improper under Criminal Rule 4 (C) which does not charge the State with delays caused by court congestion. We believe the evidence presented was sufficient to permit the trial court to find that court congestion was not the true cause of the delay. Thus, we find the trial court properly determined that the 119 day delay was chargeable to the State.[2]

■ The second time period at issue runs from August 20 to November 12. Following the continuance of the April 23 trial date, the trial was reset for August 20, 1985. On August 13, the defendant moved for a continuance based on the fact that discovery had not yet been completed. This motion was denied. It was renewed on August 14 and denied the following day. Bondurant then renewed the motion a third time on August 16. The trial court never ruled on this motion but stated that a continuance would be granted if the State used Donna Johnson as a witness. The State informed the court and Bondurant that Johnson would be a witness. On August 19, the parties met and reassigned the case for trial on November 12, 1985.[3] Notably, there is no indication in the record that a continuance had been granted. Thus Bondurant's acquiescense in the November 12 trial date in effect also was an agreement to continue the trial. Therefore, the trial court properly charged the 84 days at issue to Bondurant.

■ The third time period at issue was a 63 day period running from November 12, 1985 to January 14, 1986. The State asserts that Bondurant orally moved for a continuance on November 5. However, the docket entries for that date are silent. In fact, they do not even reveal that Bondurant or his counsel appeared in court that day. Instead, the docket for November 6 reflects that the trial court, on its own motion, continued the case because discovery was not complete. We are bound by what appears in the record and it is the duty of the party alleging error to present this court with a proper record. *Lyons v. State* (1982), Ind., 431 N.E.2d 78, 80. The record before us supports the trial court's conclusion that this 63 day delay was not due to Bondurant's actions but was due to the trial court's action. The delay, therefore, cannot be charged to Bondurant.

The last time period at issue ran from January 14, 1986 to March 13, 1986. Following the continuance of the November 12 trial date, the trial was reset for January 14. A perplexing chain of events not fully explained by the record was then set in motion. On January 3, the trial judge withdrew from the case. A new judge was selected on January 6 and he assumed jurisdiction on January 9. On January 13, the day before trial, the State appeared and requested a pre-trial conference. Neither Bondurant nor his counsel were present. The court ordered the parties to appear on January 20 to set a date for a pre-trial conference. There is, however, no indication that a motion for continuance was ever filed or granted with respect to the January 14 trial date. Rather, it appears that

2. We recognize that if the delay is charged to the State, then it is arguable that Bondurant waived his right to a speedy trial when he subsequently agreed to a November 12, 1985 trial date, which was beyond the one year mark of October 22, 1985. However, at the time Bondurant agreed to this date, he had no reason to suspect that the April 23 continuance was not due to court congestion. He agreed to a date which he then believed was within the one year limit. It was not until later that he discovered the fraud and learned that the State was chargeable with the delay, thus making the November 12 date untimely. Under these circumstances, no waiver occurred.

3. The parties disagree as to the meaning and effect of an "agreement to reassign". The State asserts that Bondurant was in each instance agreeing to the continuance and therefore, was chargeable with the delays. Bondurant argues that the continuances had been granted and he was merely agreeing that a particular day was open for his trial counsel. We believe that when the court had actually granted a continuance, Bondurant was merely agreeing that counsel was available. However, where no continuance is reflected in the record, the only reasonable assumption is that Bondurant was in essence agreeing to both the continuance and the availability of counsel.

the date was merely allowed to pass with no formal action by either party with the exception of the request for a pre-trial conference. On February 13, the trial court sustained Bondurant's objection to setting a new trial date until lead counsel, Robert Mucker, returned from vacation. On March 17, the trial court continued a hearing on the State's motion to compel discovery. The State requested that the matter be set for trial and Bondurant objected without stating any grounds. The trial court found that due to congestion the earliest setting available was a second place setting on July 15. The trial was set for that date. On March 21, Bondurant filed his "Motion to Dismiss and for Discharge" pursuant to Criminal Rule 4(C). The motion was granted on July 3.

█ The State first argues that the events leading to this delay were beyond its control. While this may be true, it is also clear that the delay was not a result of any action by Bondurant. In *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, 1265, the Indiana Supreme Court held that "exigent circumstances may warrant reasonable delay beyond the limitations of Ind.R. Crim.P. 4, due deference being given to the defendant's speedy trial rights under the rule. The reasonableness of such delay must be judged in the context of the particular case, and the decision of the trial judge will not be disturbed, except for an abuse of discretion." In *Lyons*, the court addressed the issue of delay in the context of Ind.R.Crim.P. 4(B), which requires a defendant who is held in jail to be tried within seventy days if he moves for an early trial date. If he is not brought to trial within seventy days, he may be discharged unless the delay is caused by his acts or there was insufficient time to try him due to court congestion. However, in *Lyons*, the court noted that this rule was to provide defendants a speedy trial, "not to provide them

with a technical means of avoiding trial." *Lyons, supra* at 1266. Therefore, the court refused to accept the defendant's argument that any delay beyond the seventy day period was a *per se* violation of the rule necessitating discharge. *Id.*

█ While we believe the same rationale applies to Rule 4(C), we do not believe it excuses the delay of the January 14 trial date. The new judge assumed jurisdiction on January 9. There is no indication in the record that he could not have familiarized himself with Bondurant's case and have been prepared for trial by January 14. There is also no evidence that the State attempted to apprise the new judge of its need to bring Bondurant to trial as soon as possible. Likewise, there is no evidence that the trial judge's docket was so busy that he could not have conducted the already scheduled trial. We simply do not believe that the circumstances presented by this case are of an "exigent" nature as contemplated in *Lyons, supra.*[4] Therefore, we will not disturb the trial court's decision.

█ Finally, the State asserts that Bondurant waived his right to seek discharge by failing to object in a timely fashion. The State urges that Bondurant's participation in various hearings and the acquiescence in a pre-trial conference date evidence the waiver. However, Bondurant was only under a duty to file an objection at the earliest opportunity if he learned before the expiration of the one year time limit that his trial was scheduled beyond that time period. *Burst, supra; Tomes, supra.* In the present case, the last day on which Bondurant could have been tried was January 14, 1986. On January 13, the State requested a pre-trial conference. Neither Bondurant nor his counsel was present when the request was made. There is no evidence in the record which informs this Court of whether Bondurant knew this re-

---

**4.** In *Lyons* the State moved for a continuance because two days before trial, the trial prosecutor learned that his father had suffered a massive heart attack and his mother had terminal cancer. He was also the sole attorney for the State who was familiar with the case. Because of these events, the State requested a continuance from December 15, 1975 to January 5, 1976, a period of less than one month. In the present case, there is no evidence of why the original trial judge withdrew from the case. The delay was from January 14 to July 15, a period of almost six months.

quest would be made or when he learned that it had been made. Once the one year time period had passed, Bondurant was under no duty to object at the earliest opportunity. His only duty was to object prior to the trial. *State v. Rehborg* (1979), 396 N.E.2d 953, 954. Thus, his March 21 motion was timely. Under the facts of this case, the trial court properly concluded that Bondurant had not waived his right to a speedy trial and was entitled to discharge under Ind.R.Crim.P. 4(C).

Affirmed.